REGAN, Judge.
Plaintiff, Dorothy Warner, a guest passenger, instituted this suit against the de *519 fendant, Home Indemnity Company, insurer of an automobile owned by Don Tyler and operated by L. J. Louviere, endeavoring to recover $26,341.05 as damages for injuries she incurred when Louviere collided with a parked automobile in Lake Avenue at 2:15 a. m. on June 29, 1958.
Defendant answered, asserting that plaintiff was contributorily negligent in riding with an intoxicated driver. Alternatively, it pleaded that its insured’s failure to cooperate in processing plaintiff’s claim nullified coverage and that its liability was limited to $5,000 by virtue of the contract of insurance.
From a judgment awarding plaintiff $3,-339.05, defendant has prosecuted this appeal.
The record reveals that on the evening of the accident, Louviere, a chemical technician employed by the Coca Cola Bottling Company, escorted plaintiff to a company party held at the Southern Yacht Club. He called for plaintiff at 9 p. m., after which the couple stopped at a cocktail lounge for one martini and thereafter drove to the club, arriving at approximately 10 p. m.
Plaintiff testified that upon their arrival they were given a pint of bourbon, from which she mixed three drinks for each of them during the course of the evening. The party continued until 2 a. m., and during the course thereof, she and Louviere danced almost continuously with each other. A short time before the party ended the couple joined a larger group at another table, where both danced with various members thereof. Upon leaving the club, plaintiff related that Louviere took the remaining contents of the pint of bourbon with him and it was approximately half full. She was emphatic in asserting that her companion was perfectly sober and fully possessed of his faculties when they entered their automobile to return home.
In describing the manner in which the accident occurred plaintiff related that as they turned into Lake Avenue in order to reach Pontchartrain Boulevard, she suddenly noticed a parked automobile directly ahead of their car, screamed and the vehicle in which she was riding crashed into the rear thereof, propelling it toward Pontchartrain Boulevard. The impact caused her to be thrown into the windshield where she struck her head, resulting in the injuries which form the subject matter of this litigation. She said Louviere then left the scene of the accident to summon both the police and an ambulance, and to do so he awakened a nearby resident in order to use the telephone. Shortly thereafter an ambulance arrived to remove plaintiff and her companion to the Touro Infirmary where emergency treatment was administered by Dr. Dabney M. Ewin.
Louviere’s testimony corroborated plaintiff’s version of the manner in which the accident occurred; however, he added the additional information that after telephoning the owner of the automobile and either calling or having the homeowner where he borrowed the telephone call the police, he was bleeding profusely from the inside of the mouth, which apparently caused him to experience a difficulty in catching his, breath; therefore, when he left the house from which he telephoned, he laid down on the porch thereof because he felt weak. He remained there a short time, or until he regained his strength, and then returned to the scene of the accident in order to further evaluate the seriousness of plaintiff’s injuries.
The point of impact and the resulting damage were described by John O’Neill, owner of the parked vehicle. He stated that Lake Avenue is a street approximately six blocks long, roughly paralleling the lake, which connects Pontchartrain Boulevard and a blacktop roadway leading toward the West End Park area and the yacht club. On the river side of Lake Avenue are residences and on the opposite side there is a six or seven foot embankment along the entire length of this street, and beyond that is the old yacht pen. O’Neill related that his car was parked on *520 the right side of Lake Avenue about one block removed from Pontchartrain Boulevard and that the impact moved it 70 feet in the direction of Pontchartrain Boulevard.
When he arrived on the scene he first noticed plaintiff lying on his porch and later saw him walking dazedly near the car before the ambulance arrived. O’Neill further observed a bottle of whiskey in Louviere’s automobile, and said he thought it was a fifth. When questioned as to Louviere’s appearance, particularly about his sobriety, he said he was not paying close enough attention to comment on Lou-viere’s condition.
Both plaintiff and her companion, as we said hereinabove, were treated by Dr. Dab-ney M. Ewin in the emergency ward of Touro Infirmary. He testified that plaintiff appeared sober but was of the opinion that her companion was intoxicated. He based this conclusion on Louviere’s garrulous manner at the hospital and his slurred speech. Dr. Ewin stated he sutured Lou-viere’s lacerated lower lip and on cross examination he conceded that the speech slur could have been caused by his inability to contract the muscles of his lip because of the injury thereto. Pie also admitted that he failed to perform tests to determine whether Louviere was intoxicated. In fact, he said he generally gave a stimulant to an intoxicated person yet he failed to administer one to Louviere because he did not think he needed it.
The only serious issue presented for the trial court’s determination was whether plaintiff was guilty of contributory negligence in accepting a ride with a person she knew or should have known was intoxicated. Obviously the trial court concluded that the defendant failed to carry the burden of proof to maintain its affirmative defense, that is, that the plaintiff knew or should have known that Louviere was unfit to drive the automobile in which she was a passenger.
Counsel for defendant asserts that the trial judge erred in this conclusion, and to substantiate error relies on these two factors: (1) plaintiff and Louviere could not accurately pinpoint the site of the accident and (2) Dr. Ewin expressed the opinion that Louviere was intoxicated when he was in the hospital.
We think that the first inconsistency is explained by the fact that both plaintiff and Louviere were unfamiliar with the general locality in which the accident occurred. The second factor is not persuasive in view of the fact that Dr. Ewin did not see fit to administer a stimulant to Lou-viere, although he testified that it was his custom to do so when treating an intoxicated patient, nor was he able to recall any other obvious signs of intoxication other than a garrulous manner and slurred speech, the latter of which could have just as readily resulted from Louviere’s injury to his lower lip. The trial court very obviously was not impressed by the doctor’s evaluation of Louviere’s condition, and we, also, have reservations concerning this testimony.
The only question posed for our consideration is whether the foregoing finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
A careful examination of the record convinces us that the trial judge’s conclusion was correct. In fact we believe the evidence preponderates to the effect that Louviere, while concededly grossly negligent, was not rendered incapable of operating an automobile as a result of excessive drinking so as to enable the ordinary reasonable and prudent passenger an opportunity to detect the semblance of any incapacity; therefore, plaintiff was not negligent in riding with him as a passenger.
The defense of non-cooperation by the insured is also untenable, for the record discloses that Louviere voluntarily *521 gave a complete statement to an agent of the insurer which, of course, militates against the existence of an uncooperative attitude sufficient to nullify coverage.
As a result of this accident, plaintiff, a woman 40 years of age, fractured four ribs, which caused considerable pain for several months after the accident and which, at the time of the trial, still affected her breathing to some extent. She also was scarred on several areas of her face. Dr. Neal Owens, a plastic surgeon, recommended removal thereof by surgery. The surgery presently indicated as necessary to correct the scars will cost $750, and undoubtedly it will entail experiencing considerable pain and inconvenience. In consideration of all of these factors, we believe that the damages awarded below for her injuries are adequate insofar as money may make it so.
For these reasons, the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.