124 So.2d 336 (1960)
Mitchell THIBODEAUX, Jr., et al.
v.
William T. GORE et al.
No. 105.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, for plaintiffs-appellants.
McBride & Brewster, Lafayette, for defendants-appellees.
Before TATE, FRUGE and HOOD, JJ.
HOOD, Judge.
This is a suit for damages instituted by Mitchell Thibodeaux, Jr., and Allstate Insurance Company against William T. Gore and State Farm Mutual Automobile Insurance Company, arising out of a motor vehicle collision which occurred on U. S. Highway 167, in St. Landry Parish, on July 28, 1959. Allstate Insurance Company *337 was the collision insurer of the Thibodeaux automobile, and under the terms of the insurance policy then in effect it paid the major portion of the loss sustained by Thibodeaux as a result of the damages to the latter's car. The company then obtained a conventional subrogation from Thibodeaux, and brings this suit as subrogee.
Defendants filed an answer and a reconventional demand for damages, alleging that the accident was caused solely by the negligence of plaintiff Thibodeaux. After trial of the case on its merits the trial court concluded that the drivers of both vehicles were negligent and that the negligence of each was a proximate and contributing cause of the accident. Judgment accordingly was rendered dismissing plaintiffs' suit at their costs, and dismissing defendants' reconventional demand at their costs. From this judgment plaintiffs have appealed, and defendants have answered praying that the judgment be reversed insofar as it rejected their reconventional demand.
The accident occurred about 11:30 o'clock p. m. on a straight, hard-surfaced highway. As plaintiff was driving his automobile at a speed of 60 or 65 miles per hour in a northwesterly direction on the highway, he met defendant Gore's vehicle which was approaching from the opposite direction. Shortly before the vehicles met Gore veered to his left in order to avoid striking some dogs which were on the highway, and in so doing a portion of his vehicle crossed the center line of the highway and entered the opposing lane of traffic. After Gore's vehicle entered the wrong lane of traffic, Thibodeaux applied his brakes with full force and turned his car sharply to the left, obviously for the purpose of avoiding a collision. As he attempted to make the turn, his car began sliding sideways on the highway, and the two vehicles collided, the right front portion of the Gore car striking the right side of the Thibodeaux vehicle. The point of impact was about in the center of the paved portion of the road.
The evidence is conflicting as to how far apart the two vehicles were when Gore first caused his car to swerve momentarily into the wrong lane of traffic. Gore testified that they were 700 or 800 feet apart, and that after passing the dogs he not only returned to his lane of traffic, but he also drove his car on the right shoulder of the road and then cut back on the highway in an effort to avoid a collision. Thibodeaux testified that the two vehicles were only 100 or 200 feet apart when Gore veered to his left and that the accident occurred momentarily thereafter. Under either of these versions of how the accident occurred, however, it is apparent that Gore was negligent in causing his car to veer suddenly into the opposing lane of traffic in the path of the on-coming Thibodeaux car, and we conclude that his negligence in that respect was a proximate cause of the accident. Gage v. Nesser, La. App.1960, 119 So.2d 98; Stockwell v. Gulf Engineering Company, La.App.1955, 83 So. 2d 386; Noland v. Liberty Mutual Insurance Co., 1957, 232 La. 569, 94 So.2d 671.
Defendants contend that Thibodeaux was negligent in turning suddenly to the left in front of the on-coming Gore car. Plaintiffs, on the other hand, contend that an emergency was created when the Gore vehicle entered plaintiff's lane of traffic, that Thibodeaux acted reasonably in that emergency, and that he should not be held responsible for his apparent error in judgment.
The jurisprudence of this State has been established to the effect that when the driver of a motor vehicle is confronted with a sudden emergency, not of his own making and to which he did not contribute, he will not be held responsible for errors of judgment committed by him in that emergency, provided he exercises ordinary, prudent and reasonable care under the circumstances. Snodgrass v. Centanni, 1956, 229 La. 915, 87 So.2d 127; Commercial Standard Insurance Company v. Johnson, 1955, 228 La. 273, 82 So.2d 8; Bourgeois *338 v. Fidelity and Casualty Company of New York, La.App.1958, 102 So.2d 532; Wiley v. Sutphin, La.App.1959, 108 So.2d 256.
In our opinion, the action of Gore in suddenly swerving into Thibodeaux' lane of traffic created an emergency, and unless it is established that Thibodeaux contributed to the emergency or acted unreasonably under the circumstances, he should not be held responsible for an error of judgment committed in that emergency. The burden of proving that Thibodeaux was guilty of contributory negligence, of course, rests upon the defendants. Hunter v. Mayfield, La.App.1958, 106 So.2d 330; Service Fire Insurance Co. of New York v. Indiana Lumbermans Mutual Insurance Co. et al., La.App.1959, 111 So.2d 358.
No reasons were assigned by the trial judge for concluding that Thibodeaux was contributorily negligent. A review of the evidence convinces us that Thibodeaux acted reasonably in the emergency created by Gore, and although the course which he pursued in an effort to avoid a collision proved to be unsuccessful, we feel that he should not be held responsible for his error in judgment. We conclude, therefore, that Thibodeaux was free from any negligence which constituted a proximate or contributing cause of the accident, and that plaintiffs are entitled to recover the damages which they sustained as a result of this accident. See Higginbotham v. Frazier, La.App.1957, 92 So.2d 89.
The damages to the Thibodeaux automobile resulting from this accident amounted to $1,435. Allstate Insurance Company, the collision insurer, paid the sum of $1,335 to Thibodeaux, since $100 was deductible under the policy. Thereafter, the insurance company received $225 from the salvage of the damaged Thibodeaux car, leaving a net loss to the company of $1,110.
For the reasons herein assigned, the judgment of the trial court is affirmed insofar as it rejects the reconventional demands of defendants, and it is reversed insofar as it rejects the principal demands of plaintiffs. Further, it is ordered, adjudged and decreed that there be judgment herein in favor of plaintiffs and against defendants, condemning said defendants, William T. Gore and State Farm Mutual Automobile Insurance Company, in solido, to pay unto plaintiff, Mitchell Thibodeaux, the principal sum of $100, and to pay unto plaintiff, Allstate Insurance Company, the principal sum of $1,110, together with legal interest on said principal amounts from date of judicial demand, until paid, and for all costs, including costs of this appeal.
Affirmed in part, reversed in part, and rendered.