HOOD, Judge.
This is a tort action instituted by David Stalsby against Mrs. Magdeline Powell and her public liability insurer, arising out of an automobile accident which occurred in Vernon Parish, Louisiana, on December 2, 1960, while the plaintiff was a guest passenger in an automobile being driven by the insured defendant. Plaintiff contends that the accident was caused by the negligence of defendant driver, and he demands damages for the personal injuries which he allegedly received as a result of that accident. Defendants deny that the driver of the insured vehicle was negligent, and, in the alternative, they specifically plead “contributory negligence” and “assumption of risk” on the part of plaintiff as a bar to his right to recover. From a judgment of the trial court upholding this last alternative defense and dismissing the suit, the plaintiff has appealed.
The evidence establishes that at about 9:00 P.M. on the above mentioned date, Mrs. Powell, while driving her husband’s automobile on Louisiana Highway 468 near Leesville, ran off the highway, wrecked the automobile and injured the plaintiff, who was riding as a guest passenger in the car. Plaintiff and Mrs. Powell left Natchitoches together in the automobile about 1:30 P.M. that day, and drove to Winnfield, a distance of about 33 miles. While making that trip each consumed several cans of beer, Mrs. Powell acknowledging that she drank two cans of it at that time. After a short visit to the home of plaintiff’s sister near Winn-field, they proceeded to drive back to Natchitoches, but before arriving there they stopped and plaintiff purchased a pint and one-half of whiskey, and they both began drinking it. Mrs. Powell concedes that *280 she took two strong drinks of whiskey before they reached Natchitoches. They then decided not to stop in Natchitoches, but to drive on to Leesville, which they proceeded to do, taking a round-about way through Hot Wells and Slagle, Louisiana. Mrs. Powell testified that she has no recollection of anything that happened after she left Natchitoches to drive to Leesville, and she fixes that time as being about 4:30 P.M. She does not expressly assign a reason for this lapse of memory, but a reasonable inference seems to be that she was intoxicated. The next thing she recalls, according to her testimony, was having a laceration on her head sutured at the hospital in Lees-ville after the accident had occurred. The doctor who examined Mrs. Powell shortly after the accident testified that she was “markedly intoxicated.”
Plaintiff testified that he began drinking immediately after he and Mrs. Powell first left Natchitoches early that afternoon, and that he became intoxicated sometime before the accident occurred. His principal defense, in fact, is that he was drunk and asleep at the time of the accident, and for that reason he was physically and mentally incapable of exercising reasonable care or of assuming the risk at the time the accident occurred.
We think the evidence clearly supports the conclusion reached by the trial judge that, “the plaintiff and defendant left Natchitoches on a drinking party, to say the least, ‘and that they drank together and to the point of intoxication, or drunkedness, until the accident occurred.” The evidence shows that the automobile in which plaintiff and defendant were riding at that time ran off the highway into a ditch, traveled about 135 feet along this ditch, struck a driveway and traveled about 80 feet through the air before hitting the ground, and then traveled about 50 feet further before it came to rest. These circumstances indicate that the car was being driven at a very fast rate of speed and that the driver,'Mrs. Powell, failed to maintain control of it.
The trial judge concluded that “unquestionably, the intoxication of the driver, Mrs. Magdeline D. Powell, * * * was the proximate cause of the accident.” In the light of all the facts and circumstances surrounding this incident, we think it is reasonable to infer that the accident would not have occurred if Mrs. Powell, the driver of the car, had not been intoxicated at that time, and that her intoxication was at least one of the contributing factors of the accident. We conclude, therefore, as did the trial judge, that the intoxication of the insured driver was a proximate cause of the accident. See McAllister v. Travelers Insurance Co., La.App. 1 Cir., 121 So.2d 283.
Defendants, however, in support of their pleas of contributory negligence and assumption of risk, contend that plaintiff voluntarily rode as a passenger in the automobile which was being driven by an intoxicated person, and thus he voluntarily assumed the risk incidental thereto. Plaintiff, on the other hand, contends that he was “asleep and drunk” at the time the accident occurred, that Mrs. Powell had had nothing to drink before he went to sleep, and that she was not intoxicated at the time he did so. He contends that under those circumstances he was not negligent in going to sleep, that he had no reason to suspect that Mrs. Powell would subsequently become intoxicated, and that accordingly he is not barred from recovery either because of contributory negligence or under the doctrine of “assumption of risk.”
Mrs. Powell testified, and the trial judge found, that she had consumed both beer and whiskey shortly after she and plaintiff started on this trip early that afternoon. The trial judge, correctly we think, completely rejected plaintiff’s testimony to the effect that Mrs. Powell had had nothing to drink prior to the time he went to sleep. The evidence also shows that plaintiff was still awake and was alert until about 7:30 or 8:00 o’clock that night, shortly before the accident occurred. He was awake, therefore, for several hours after the driv *281 er of the car had become intoxicated enough to cause her to have a complete lapse of memory, and yet he continued to ride in the car which she was driving, without protest, and to continue to drink intoxicating liquors.
Plaintiff states that he began to get drunk about 18 or 20 miles before he and Mrs. Powell reached a point on the highway near Slagle, where they stopped to assist plaintiff’s friend who was having car trouble. It was after dark when they stopped, but plaintiff testified that he was sober enough to recognize his friend, to tell Mrs. Powell to stop and to render the assistance which was needed. He states that they then proceeded to drive on toward Lees-ville, and that he went to sleep about IS or 20 minutes after they resumed their journey, when the car in which he was riding was less than 16 miles from Leesville. The accident occurred before they reached Leesville, so it is apparent that it occurred very shortly after plaintiff went to sleep. The evidence also indicates to us that the defendant driver must have been “markedly intoxicated,” as later found by the examining physician, before plaintiff went to sleep, and this fact should have been obvious to him, especially since he had been with her and had seen her consume a substantial quantity of alcoholic beverages that afternoon.
The jurisprudence of this State has been established to the effect that a guest passenger cannot recover for injuries received as a result of his host driver’s negligence where the driver has had a sufficient quantity of intoxicants to make him lose control of his mental and physical faculties or to cause such faculties to be materially impaired, and where the guest passenger knew or should have known of the driver’s condition and yet voluntarily rode with him. Richard v. Canning, La.App. Orl., 158 So. 598; Elba v. Thomas, La.App. Orl., 59 So.2d 732; Cormier v. Angelle, La.App. 1 Cir., 119 So.2d 876; McAllister v. Travelers Insurance Co., supra; Dowden v. Bankers Fire & Marine Insurance Company, La.App. 2 Cir., 124 So.2d 254; Otis v. New Orleans Public Service, Inc., La.App. 4 Cir., 127 So.2d 197.
The trial judge, in his written reasons for judgment, stated:
“The facts as found by this Court shows that the plaintiff and the defendant were drinking together over a period of several hours prior to the accident and that the plaintiff knew, or should have known that the defendant was operating this motor vehicle in an inebriated condition and was, or should have been, apprised of the danger and the risk involved in riding with the driver in such condition. This Court holds that the plaintiff assumed all the risks involved in their journey, and therefore, is not entitled to recover damages for the injuries received in this accident.”
We think the evidence clearly supports these conclusions reached by the trial court. Accordingly, we find that the trial judge was correct in holding that plaintiff had assumed the risk incident to riding with an intoxicated driver and thus, he is barred from recovery.
Plaintiff contends, however, that the burden of proof to support defendants’ pleas of contributory negligence and assumption of risk rests upon defendants, and that they have failed to establish that Mrs. Powell was intoxicated at the time plaintiff went to sleep. It is argued that plaintiff, therefore, could rely on the assumption that the driver would exercise care and caution, and that he was not negligent and did not assume any obvious risk in going to sleep. There is no merit to this argument, because we have already found that Mrs. Powell began drinking beer and whiskey early that afternoon, and that she had become intoxicated to the point that it was or should have been apparent to plaintiff some time before he went to sleep, yet he continued to ride in the car which she was driving.
*282 Plaintiff relies heavily on the cases of Warner v. Home Indemnity Company, La. App. Orl., 123 So.2d 518; Weddle v. Phelan, La.App. 1 Cir., 177 So. 407 and Benson v. Metropolitan Casualty Insurance Company of New York, La.App. 2 Cir., 79 So.2d 345, in all of which cases it was determined that plaintiffs were not barred from recovery because of assumption of risk. We feel, however, that these cases are not applicable here. In the Warner case, unlike the instant suit, there was no reason for plaintiff to suspect that the driver was intoxicated before the accident occurred. The Weddle and Benson cases did not involve intoxicated drivers, and the evidence in each case established that the host driver was competent and that at the time plaintiff went to sleep there was no reason for him to suspect that an accident might occur.
For the reasons herein set out, therefore, the judgment of the District Court is affirmed. All costs of the appeal are assessed to plaintiff-appellant.
Affirmed.