TATE, Judge.
This suit arises from a head-on collision between an automobile driven by the plaintiff Duhon and a panel truck driven by Harkins. As a result of the accident, Harkins was killed and so was Duhon’s minor son, Francis, Jr. The plaintiff Du-hon, Sr., and his other minor son were seriously injured.
As a result of a jury trial, judgment was rendered against Harkins’ estate and his liability insurer in favor of Duhon’s wife awarding her damage for the death of Francis, Jr.; a further award was made for the use and benefit of the surviving 13-year old boy, as damages for the personal injuries sustained by him in the accident.
Duhon’s individual claim for his own personal injuries was dismissed, as was the re-conventional demand asserted on behalf of the estate of the decedent Harkins. The jury thus apparently determined that the negligence of both drivers were contributory causes of the accident.
The defendants (Harkins’s liability insurer and the administratrix of his estate) appeal these awards. Duhon cross-appeals, urging that the jury erred in finding that any negligence on his part contributed to. the accident.
The accident occurred at dusk. The-plaintiff Duhon was approaching a curve on¡ a rural hard-surfaced highway as Harkins-entered it from the opposite direction. The-preponderance of the evidence proves that the vehicles collided within the Harkins-lane.
As stated recently in Bryant v. Johnson, La.App. 2 Cir., 140 So.2d 758, 761 : “A rule of law so well established that it' hardly requires citation of authority holds, that where a collision between two motor-vehicles occurs in one of two traffic lanes,, the presumption is that the driver of the-vehicle determined to have been in the wrong lane was negligent, and he has the-burden of showing that the collision was-not caused by his negligence, or that there were justifiable circumstances which would' excuse his conduct. * * * [Citations-omitted.]”
The burden is thus on Duhon to show that there were no justifiable circumstances excusing his presence on the wrong lane of' the highway.
To meet this burden, Duhon did produce-substantial evidence which showed that, immediately prior to the collision, Harkins had' swerved into Duhon’s lane just as Duhon> approached the maximum arc of the curve,, causing Duhon in reaction to this sudden-swerve to veer leftward into Harkins’s-lane. He there collided with the Harkins-vehicle, which had in the meantime swerved back into its own lane.
Duhon himself has complete amnesia as-to the accident (and in fact suffered a-, mental breakdown as a consequence there— *87 of), but this version of the accident is testified to by Luquette, the driver of the car preceding Duhon by over one hundred feet. This driver, who was going in the same direction as Duhon, was forced to take to his right shoulder to avoid the swerve of Harkins into his own path. Immediately thereafter he heard the loud crash of the collision.
This driver’s* testimony is corroborated to some extent by the testimony of the surviving Duhon child, who saw the preceding (Luquette) vehicle dash off to the right shoulder, while something flashed in front of his own father’s car. In addition, another driver had followed Harkins before the accident and had observed Harkins zigzagging back and forth across the highway from the shoulder and across the center line and back; this witness did not see the accident, as he had stopped for five to ten minutes about a mile before the accident, but he arrived at the accident scene immediately after the accident, where he helped to remove the bodies from the wrecked vehicles.
This substantial evidence is uncontra-dicted as to the prior erratic driving of the Harkins’s vehicle and as to its sudden swerve into Duhon’s path.
Essentially, the defendants seek to escape the damaging effect of such testimony by attacking the credibility of Luquette, the driver of the vehicle preceding Duhon’s. As grounds, they rely upon the circumstance that he is now an inmate of a federal reformatory. The defendants also point out certain discrepancies between his testimony for the trial and a statement taken by defendant’s adjuster some five days after the accident. (At the time, the witness was a 19-year old hospital orderly without prior criminal conviction.)
 These arguments as to credibility were properly addressed to the trier of fact, which however resolved them against the defendants. The evaluation of credibility is primarily the province of the trier of fact, and in the absence of manifest error such evaluation shall not be disturbed on review. Savage v. Haynes, La.App. 3 Cir., 146 So.2d 285. (Further, actually the version of the accident given by Luquette is in substantial accord in main details with his testimony for the trial, as were Lu-quette’s statements to an investigating police officer at the accident scene.)
We cannot say that the jury erred in accepting this witness’s clear and apparently straightforward and corroborated testimony (which is actually uncontradicted by any opposing evidence), by reason of which the negligence of Harkins clearly constituted a contributory cause of the accident. “It has been repeatedly held that the Court will not set aside a verdict of the Jury in a case where the testimony is conflicting and where the testimony of the witnesses is sufficient to sustain such a verdict if accepted as credible. See Roux v. Attardo, La.App.1957, 93 So.2d 332; Cush v. Griffin, La.App.1957, 95 So.2d 860; Mire v. St. Paul Mercury Indemnity Company, La. App.1958, 103 So.2d 553; Hardie v. Allen, La.App.1951, 50 So.2d 74,” Simon v. Texas & New Orleans Railroad Company, La.App. 3 Cir., 124 So.2d 646, 651.
A closer question is presented by Duhon’s cross-appeal. By it, he urges that the sole cause of the accident in the Harkins’ lane was the sudden emergency created by Harkins’ sudden swerve into his path, as a result of which, Duhon’s instinctive reaction or mis judgment in veering leftward into Harkins’ lane instead of rightward, is excused as caused by the sudden emergency created by Harkins’ sudden entry into Duhon’s path. See Guidry v. Crowther, La.App. 1 Cir., 96 So.2d 71, 76, certiorari denied.
The sole contributing fault on the part of Duhon indicated by the record is that his excessive speed under the circumstances may have contributed to a loss of control and guidance of his car when he touched his brakes after Harkins’ suddenly swerved into his path.
*88 Counsel for Duhon argues most strenuously, however, that this excessive speed is not proved by any preponderance of the evidence. The proof to such effect consists simply of an estimate by Luquette (the driver of the vehicle preceding Duhon’s) that Duhon was approaching at 60-70 mph, which the evidence indicates to have been excessive under the circumstances of the curve. Also, two occupants of a car which Duhon had passed several miles before the accident stated that he had passed them recklessly and was driving excessively fast.
If Duhon’s contributory negligence in this regard were required to be proved by a preponderance of the evidence, it would be most difficult to reject this forceful argument However, what counsel overlooks is that, since the accident occurred in the wrong lane of the highway, the burden shifted to Duhon to prove that he was free from fault.
As stated in a leading case on the question, Rizley v. Cutrer, 232 La. 655, 95 So.2d 139, in order to be exonerated from liability, the motorist who collides in his wrong lane with another vehicle must show that “he did not in any particular contribute to the mishap” (95 So.2d 141) and “he must establish his freedom from all fault by convincing proof” (95 So.2d 142). As we noted in Breaux v. Valin, 138 So.2d 405, such motorist “is required to exculpate himself of any fault, however slight, contributing to the accident” (138 So.2d 406).
Measured by this standard, we are unable to hold that the trial jury committed manifest error in its appreciation of the evidence by holding Duhon jointly negligent with Harkins, on a determination that Duhon had failed to prove that he himself was free of any negligence whatsoever contributing to the accident.
We thus find no error in the jury’s determination that the fault of both drivers contributed to the accident. As a result, awards were properly made for injuries caused to the children-passengers, while the claims asserted for both drivers’ damages-were properly dismissed.
The awards made for the death of one Duhon child and the injuries to the other are justified by the evidence.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Affirmed.