HOOD, Judge.
This is a suit for damages instituted by Jeff Jones, Sr., and his wife, Ethel Jones, for the death of their son, Jerry Jones. Their son was killed as the result of a collision between an automobile in which he was riding as a passenger and a bulk cement truck owned by Halliburton Company and being driven by Meredith S. Hailey, an employee of that company. The suit was instituted against Hailey, the Halliburton Company and Continental Casualty Company of Chicago, Illinois, the latter being the public liability insurer of Halliburton.
At the time the accident occurred the automobile involved in it was occupied by a total of four persons, including plaintiffs’ son and the driver. All of these occupants were killed instantly when the vehicles collided. A separate suit was instituted by the surviving parents of each of these decedents, and all four of these cases were consolidated for the purpose of trial and appeal, the instant suit being one of those consolidated cases. We are deciding all of these related cases on this date. See: Crumb v. Continental Casualty Company of Chicago, Illinois, et al., La.App., 159 So.2d 11; Jones v. Continental Casualty Company of Chicago, Illinois, et al., La.App., 159 So.2d 12; and Dellihoue v. Continental Casualty Company of Chicago, Illinois, et al., La.App., 159 So.2d 13.
After trial of these consolidated cases on the merits, the trial judge concluded that the driver of the Halliburton truck was negligent, and that his negligence was a proximate cause of the accident. He also concluded that the driver of the automobile was guilty of contributory negligence barring his survivors from recovery, but that the guest passengers in the automobile were free from negligence. Judgments accordingly were rendered in favor of plaintiffs in the three suits involving the deaths of guest passengers in the car, including the plaintiffs in the instant suit. Judgment, however, was rendered in favor of the *7 defendants in La.App., 159 So.2d 12, rejecting the demands of Samuel Jessie Jones and Willie Mae Cravens, the surviving parents of the driver of the automobile involved in the accident. Defendants have appealed in all four cases, and plaintiffs have answered the appeal in each case. In the answer filed to the appeal in this case, plaintiffs pray that the awards of damages made to plaintiffs be increased.
The accident occurred about 12:45 a. m. on May 17, 1961, on U. S. Highway 84, about five miles west of Ferriday, Louisiana. The highway at that point is a straight, level, two-lane, hard-surfaced thoroughfare, running east and west, the hard-surfaced portion being 24 feet wide with smooth graveled shoulders about 10 feet wide on either side of the slab. The highway curves gradually to the north beginning at a point about 464 feet west of the site of the accident.
When the collision occurred defendant Hailey was driving his truck in a westerly direction at a speed of 35 miles per hour. Keith Samuel Jones was driving the Chevrolet automobile in which plaintiffs’ son was riding in an easterly direction about 70 miles per hour. The two vehicles collided head-on at a point in the south, or eastbound, lane of traffic, the point of impact being about three or four feet south of the center line of the highway. Since all of the occupants of the Jones automobile were killed instantly, the only surviving eyewitness to the accident is defendant Hailey, the driver of the truck.
Hailey testified that as he was driving his truck in a westerly direction he first saw the Jones vehicle approaching when he was 1,000 feet from the car and about 300 feet from the place where the two vehicles subsequently collided. When he reached a point about 600 feet from the automobile Hailey says he noticed that the car was in the north, or its wrong, lane of traffic. Pie thereupon let up on the accelerator of his truck and began to pull the truck gradually to his left, from its proper lane of traffic into the south lane. He states that the' approaching car “kept coming a little more-into my lane of traffic,” so he turned to his left in order to pass the car on the wrong-side, but that when the vehicles got close-together the driver of the car then turned: back to the south lane of traffic, and the-collision occurred at a point 2 to 4 feet south of the center line of the highway, m Jones’ proper lane of traffic. Hailey did not apply his brakes at any time prior to -the collision. He explained that he pulled to his left instead of stopping or driving on the north shoulder of the highway because that seemed to him to be the only course to take to avoid a head-on collision.
Other evidence presented at the trial establishes that immediately prior to the accident the Jones car was being driven at a speed of at least 70 miles per hour, that it was either wholly or partially in the north, or its wrong, lane of traffic, and that shortly before the vehicles collided the car was turned back to its right, into the south lane of traffic.
Plaintiffs in all of these suits contend that the sole proximate cause of the accident was Hailey’s negligence in driving his truck into his left, or improper, lane of traffic directly in the path of the oncoming Jones automobile. Defendants, on the other hand, while conceding that the collision occurred in the east-bound lane of traffic, contend that Hailey was confronted with a sudden emergency not of his own making and that he exercised reasonable and prudent care under the circumstances.
Under our jurisprudence, “where a collision between two motor vehicles occurs in one of two traffic lanes, the presumption is that the driver of the vehicle determined to have been in the wrong lane was negligent, and he has the burden of showing that the collision was not caused by his negligence, or that there were justifiable circumstances which would excuse his conduct.” Duhon v. Harkins, La.App. 3 Cir., 152 So.2d 85. See also: Schick v. Jenevein, 145 La. 333, 82 So. 360; Noland v. Liberty *8 Mutual Insurance Company, 232 La. 569, 94 So.2d 671; Miller v. Hayes, La.App. 1 Cir., 29 So.2d 396; Brock v. Southern Farm Bureau Casualty Insurance Company, La.App. 1 Cir., 94 So.2d 492 (Cert. denied); Carhee v. Scott, La.App. 2 Cir., 104 So.2d 236; Bond v. Spillers, La.App. 2 Cir., 107 So.2d 706 (Cert. denied); Soileau v. Manuel, La.App. 1 Cir., 109 So.2d 502; Fullilove v. United States Casualty Company of New York, La.App. 2 Cir., 129 So.2d 816 (Cert. denied); Breaux v. Valin, La.App. 3 Cir., 138 So.2d 405; Ard v. Fidelity and Casualty Company of New York, La.App. 1 Cir., 148 So.2d 905; and Bailey v. National Surety Corporation, La.App. 1 Cir., 149 So.2d 669 (Cert. denied). In order to satisfy this burden the motorist who collides in his wrong lane must show that “he did not in any particular contribute to the mishap” and “he must establish his freedom from all fault by convincing proof.” Rizley v. Cutrer, 232 La. 655, 95 So.2d 139; Duhon v. Harkins, supra. See also Breaux v. Valin, supra.
However, “when the driver of a motor vehicle is confronted with a sudden emergency, not of his own making and to which he did not contribute, he will not be held responsible for errors of judgment committed by him in that emergency, provided he exercises ordinary, prudent and reasonable care, under the circumstances.” Thibodeaux v. Gore, La.App. 3 Cir., 124 So.2d 336. See also: Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127; Commercial Standard Insurance Company v. Johnson, 228 La. 273, 82 So.2d 8; Bourgcois v. Fidelity & Casualty Co. of New York, La.App. 1 Cir., 102 So.2d 532; Wood v. Manufacturer’s Casualty Insurance Company, La.App. 2 Cir., 107 So.2d 309; Wiley v. Sutphin, La.App. 2 Cir., 108 So.2d 256; Woodard v. American Indemnity Company, La.App. 1 Cir., 118 So.2d 284; Rogers v. T. L. James & Co., Inc., La.App. 3 Cir., 128 So.2d 829; and Wise v. Agricultural Insurance Company, La.App. 2 Cir., 140 So.2d 662 (Cert. denied).
 As stated in Wise v. Agricultural Insurance Company, supra, " * * * a motorist, when confronted with a sudden emergency, is not to be held to the same cool and deliberate judgment as one not'so confronted, and that if such emergency requires the exercise of a choice of methods in order to avoid an accident, he is not to be held for failure to make the best choice. * * * The test is whether he acted as a reasonable and prudent man under the circumstances then prevailing.” Also, the “sudden emergency doctrine” comes into play only when the driver has only a fraction of time to act in an attempt to avoid an imminent collision. Tyler v. Marquette Casualty Company, La.App. 2 Cir., 79 So.2d 376.
With these established legal principles in mind, we consider the question of whether an emergency was created by the driver of the Jones vehicle and, if so, whether Hailey exercised ordinary, prudent and reasonable care under the circumstances.
The large truck being driven by Hailey was carrying a heavy load, the total weight of this vehicle with its load being 34,000 pounds. In spite of the weight of the vehicle, however, the evidence shows that the truck could have been brought to a stop within a distance of 106 feet after the emergency was discovered, including the reaction time. Hailey testified that although he observed the car in his lane of traffic he did not attempt to stop the truck. He merely let up on the accelerator and gradually veered to ,his left, intending to pass the car on the wrong side of the highway. He stated that “I gradually pulled to my left,” that “I kind of angled off gradually,” that “I immediately gradually cut to my left whenever I seen he was getting more in my lane of traffic,” and that he “had cut at a slight angle to get into his (Jones’) lane of traffic.”
A traffic expert called by defendants found that the truck had been turned to its left at only a very slight angle, not more than five degrees, and that the truck travel *9 ed a distance of from 120 to 200 feet partially in its wrong lane of traffic after it crossed the center line and before the collision occurred. As has already been pointed out, the point of impact was three or four feet south of the center line of the highway. The evidence also shows that after the impact, the truck continued to travel in a westerly direction in the south, or its wrong, lane of traffic for a distance of from 50 to 70 feet when it then turned sharply to its left and went off the highway, finally coming to rest 211 feet southwest of the point of impact. Following the crash the Jones car was pushed by the truck in a westerly direction, being the opposite direction from that which the car had been traveling, along the south lane of traffic, until it finally came to rest at a point on the south shoulder of the highway 92 feet west of the point of impact.
Hailey undoubtedly was confronted with somewhat of an emergency when he observed the Jones car approaching him in the truck’s lane of traffic at a distance of 600 feet. Instead of attempting to avoid a collision by stopping or turning sharply to his right or left, however, he merely let up on the accelerator and angled his truck slightly to the left, straddling the center line, and he then continued to travel almost along the center of the highway, at least partially in Jones’ lane of traffic, for a much greater distance than would have been required for him to stop. According to the traffic expert called by defendants, a period of between 2.3 and 3.9 seconds elapsed between the time the truck first crossed the center line and the time of the accident
In our opinion Hailey had sufficient time after discovering the emergency within which to take some action- in an effort to avoid a collision. We are mindful of the rule that a motorist who is confronted with a sudden emergency is not held to the same cool and deliberate judgment as one not so confronted, but considering the amount of time which elapsed after Hailey discovered his perilous situation and his actions during that time, we feel, as did the trial judge, that Hailey did not exercise ordinary, prudent and reasonable care in attempting to avoid a collision under the facts and circumstances presented here.
Since the collision occurred in the eastbound lane of traffic, there is a presumption that Hailey, the driver of the west-bound truck, was negligent, and the burden rests on defendants to show that the collision was not caused by his negligence. In our opinion defendants have failed to sustain that burden of proof. We conclude that Hailey was negligent in driving his west-bound truck into the east-bound lane of traffic, and that his negligence in that particular was a proximate cause of the accident.
Defendants allege, alternatively, that the driver and all of the passengers in the Jones car also were negligent, and that because of their contributory negligence plaintiffs in all of these consolidated cases are barred from recovery. We will consider first whether Keith Samuel Jones, the driver of the automobile, was guilty of contributory negligence.
As has already been pointed out, the Jones vehicle was being driven at an excessive rate of speed at the time the accident occurred, and immediately prior to that time he was driving in his left, or wrong, lane of traffic. He continued to drive in the wrong lane of traffic for some distance and then he turned back into his right lane which by that time was occupied by the west-bound truck. Also, blood tests taken after the collision revealed that the driver of the Jones car was intoxicated. Under these facts, we think the driver of the Jones vehicle was negligent in driving at an excessive rate of speed, in driving on the wrong side of the highway, and in attempting to drive while in an intoxicated condition, and that his negligence in these particulars were proximate causes of the accident. The trial judge correctly held, therefore, that Samuel Jessie Jones and Willie Mae Cravens, the surviving parents *10 of Keith Samuel Jones, are barred from recovery because of the contributory negligence of their deceased son.
Defendants also contend that the surviving parents of the three guest passengers in the car, including the plaintiffs in the instant suit, are barred from recovery because of the contributory negligence of each of said passengers. They -contend that each of said passengers was negligent in voluntarily riding with the driver when they knew or should have known that the driver was under the influence of intoxicants to such an extent that he was incapable of safely operating a motor vehicle upon the highways of the state.
Under the established jurisprudence of this State a guest passenger cannot recover from his host for injuries received as a result of his host’s negligence, where the host has had a sufficient quantity of intoxicants to cause him to lose normal control of his mental and physical faculties, if the guest passenger knew or should have known of his host’s condition and yet voluntarily rode with him. Stalsby v. Powell, La.App. 3 Cir., 146 So.2d 279; Grayson v. Allstate Insurance Company, La.App. 1 Cir., 141 So.2d 101; Dowden v. Bankers Fire & Marine Insurance Company, La.App. 2 Cir., 124 So.2d 254 (Cert. denied); Warner v. Home Indemnity Company, La.App.Orl., 123 So.2d 518 (Cert. denied); McAllister v. Travelers Insurance Co., La.App. 1 Cir., 121 So.2d 283; Cormier v. Angelle, La.App. 1 Cir., 119 So.2d 876; Woods v. King, La.App. 2 Cir., 115 So.2d 232. In such a situation the guest passenger is held to have assumed the risks incident to riding with a drunken driver. (See Note, 22 Louisiana Law Review 275, 277, Footnote 7).
It has also been held “that the action 'Of a guest passenger in voluntarily riding ■with a driver under the influence of intoxicants to an extent sufficient to make him lose normal control of his mental and physical faculties and to cause such faculties to foe materially impaired, whose condition was known or should have been known to the guest passenger, constitutes * * * independent, contributory negligence sufficient to bar his recovery from third persons in any case where the host driver was guilty of negligence which was a proximate cause of the accident.” Otis v. New Orleans Public Service, Inc., La.App. 4 Cir., 127 So.2d 197; Ford v. New Orleans Public Service, Inc., La.App.Orl., 102 So.2d 523; Elba v. Thomas, La.App.Orl., 59 So.2d 732. Compare, Richard v. Canning, La.App.Orl., 158 So. 598.
 Although the burden of proving negligence rests primarily on the plaintiff in an action for damages, the burden of proving contributory negligence is on the party alleging it as a defense. Thibodeaux v. Gore, supra; Service Fire Insurance Company of New York v. Indiana Lumbermans Mutual Insurance Company, La.App.Orl., 111 So.2d 358; Hunter v. Mayfield, La.App. 2 Cir., 106 So.2d 330. In the instant suit the burden rests on defendants to prove that plaintiffs’ son knew or should have known that his host driver was under the influence of intoxicants to an extent sufficient to make him lose normal control of his mental and physical faculties or to cause such faculties to be materially impaired, and that notwithstanding such knowledge he voluntarily rode with him.
We have already pointed out that a blood test made after the accident occurred showed that the alcoholic content of the driver’s blood was sufficient to establish that he was intoxicated and that his mental and physical faculties were materially impaired at the time the collision occurred.
A witness called by defendants, testified that shortly before the accident occurred he saw two colored boys and two colored girls “having a drinking party” beside the Jones vehicle while it was parked on the side of the road about 10 miles west of the site of the accident. Later, he says, the same vehicle passed him on the highway as it was being driven at a very fast rate of speed in an easterly direction. He stated *11 that as the car passed it was weaving from side to side and the occupants yelled to him to get out of the way or they would run over him. Plaintiffs, on the other hand, called two witnesses who testified that they were with Keith Samuel Jones, the driver of the car, for several hours on the evening before the accident occurred, and that they did not see him or any of the occupants of the car drink any alcoholic beverages that evening. Also, they stated that they observed the occupants of the Jones vehicle about 45 minutes before the accident occurred, and that neither the driver nor any other occupant appeared to be intoxicated at that time.
The trial judge gave little credence to the testimony of the witness called by defendants, and he concluded that the passengers in the car were free from contributory negligence. In our opinion the defendants have failed to sustain the burden of proof which rests upon them to prove that the guest passengers in the Jones automobile knew or should have known that the driver was intoxicated. For that reason we agree with the conclusion reached by the trial court that the surviving parents of these passengers are not barred from recovery because of contributory negligence or assumption of the risk by any of said passengers.
In the instant suit the trial judge awarded each of the plaintiffs the sum of $7,500.00 as. damages for the death of their son. He also awarded plaintiff, Jeff Jones, the additional sum of $300.00 for funeral expenses. Defendants contend that the award of damages is excessive, while plaintiffs in answering the appeal contend that these awards should be increased. In our •opinion the amount of damages, awarded in this case is not out of proportion to awards made in similar cases, and accordingly, we find that the trial judge has not •abused his discretion in fixing such awards. See Gaspard v. Lemaire, La., 158 So.2d 149.
For reasons herein assigned, therefore, the judgment appealed from in the instant suit is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.