CULPEPPER, Judge.
Plaintiff sued for property damage to his parked automobile which was struck from the rear by defendant’s insured. The district judge awarded plaintiff the stipulated ■sum of $379.19 and rejected a reconvention■al demand for damages to the insured car. Defendant and his insurer appealed.
The accident occurred at about 3:00 p. m. on August 25, 1963 in a residential area of the town of Washington, Louisiana. At the scene of the accident, Bridge Street, running north and south, is intersected on the west by De Jean Street, forming a “T” intersection. Louisiana State Highway No. 103 runs south on Bridge Street and then makes a 90 degree turn to the west on De Jean Street. Highway 103 is a two-lane thoroughfare, paved with blacktop 18 feet wide, and having 2-foot shoulders on each side.
Plaintiff’s car was parked in front of a residence at a point about 60 feet west of the curve. The two right-hand wheels were on the north shoulder and a little more than half of the vehicle was on the pavement. Defendant’s insured, a young lady 17 years of age and with only 1 month’s driving experience, was driving south on Highway 103 and turned west around this curve at a speed of about 15 to 20 miles per hour. As she rounded the curve she saw a “red automobile” approaching from the west at a distance of about 150 feet and realized it would reach the parked Bergeron vehicle at about the same time she did, and that there would not be space for her to pass. Instead of applying the brakes she “froze” and ran into the rear of the parked Berger-on car.
Defendant contends the Bergeron vehicle was illegally parked in violation of LSA-R.S. 32:141, subd. A, which reads as follows:
“Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.”
Despite our holding in Steagall v. Houston Fire & Casualty Company, 138 So.2d 433 (3rd Cir. 1962) that this portion of the State Highway Regulatory Act has no application in a “business or residence district”, defendant argues this statute can be interpreted to mean that even in business or residential areas an automobile cannot be parked on the paved or main traveled part of the highway at a place where it cannot be clearly seen from a distance of 200 feet in both directions.
We cannot agree with this contention. As we understand the scheme of the State Highway Regulatory Act, with reference to stopping, standing or parking vehicles, LSA-R.S. 32:141 gives certain rules which apply only, as the caption states, “Outside business or residence districts.” The general rules which apply to all thoroughfares, including those within business or residence districts, are set forth in LSA-R.S. 32:142-32:145. Of course, the State Highway Regulatory Act applies to every highway, street, way or place publicly maintained for public use whether lo *410 cated within or without a municipality, LSA-R.S. 32:1(17), (54), 32:21, except in those cases where the local authorities have adopted traffic regulations pursuant to the powers vested in them under LSA-R.S. 32:41, 32:42. In the present case the town of Washington had adopted no ordinance regulating the standing or parking of vehicles. Consequently, the State Highway Regulatory Act applied. We find no provision of this act which prohibited plaintiff from parking as he did here. He was not parked in any of the places specifically prohibited by LSA-R.S. 32:143 and he was parked as far off the highway as lie could.
Defendant next contends that even if the Bergeron vehicle was not parked in violation of any statute or ordinance, it was negligently parked, in that it was in defendant’s lane of travel only 60 feet from a blind curve, thereby creating a foreseeable hazard. The facts actually do show that at the time of the accident a large fig tree on the corner obstructed the view from defendant’s car around the curve. Defense counsel cites Taylor v. Fidelity & Casualty Co. of New York, 55 So.2d 307 (La.App. 2nd Cir. 1951) where a truck was parked in plaintiff’s lane of traffic 160 feet beyond the crest of a hill. The court held that plaintiff, traveling on the open highway at a speed of 55 miles per hour, had a right to assume that his lane of traffic would be clear beyond the blind hill and that the accident was caused solely by the truck driver’s negligence. However, the court pointed out particularly that each case involving this question must be determined under its own facts.
Without expressing approval or disapproval of the Taylor case, supra, we think it is readily distinguishable from the present matter. First, in the Taylor case the truck was obviously parked in violation of the present State Statute, LSA-R.S. 32 :- 141, because it was parked outside of a business or residence district and did not afford a clear view of 200 feet in each direction; also, there was adequate room to park defendant’s truck off the highway on a 7 foot shoulder. Furthermore, in the Taylor case the truck was parked in open country where cars approached at high speeds of 50 to 60 miles per hour. Here, plaintiff’s car was parked in the residential area of a town where cars approached around the curve at 15 to 20 miles per hour. Blind corners are not unusual in towns and plaintiff could reasonably expect that anyone coming around this curve could see his car and easily avoid striking it. Under the circumstances, we do not think the Ber-geron vehicle was negligently parked.
Finally, defendant contends that considering all of the facts, i. e., the Ber-geron automobile parked partially in defendant’s lane of traffic only 60 feet from a blind curve, the red automobile approaching so as to block the other lane of traffic, and the youth and driving inexperience of Miss Guidry, this accident was the result of a sudden emergency for which she was not at fault and therefore her slight errors of judgment should be excused. Thibodeaux v. Gore, 124 So.2d 336 (La.App. 3rd Cir. 1960). We do not think the sudden emergency doctrine is applicable here. The emergency was not created by any negligence of the red car or of Bergeron. Instead the accident resulted solely from the negligence of Miss Guidry in striking a legally parked vehicle which was in plain view and which she could and should have seen in time to avoid the collision.
 By answer to the appeal plaintiff has asked damages of $250 for a frivolous appeal. LSA-C.C.P. Art. 2164. Such damages arc not allowable unless it is manifest that the appeal was taken solely for the purposes of delay or that counsel does not sincerely believe in the position he advocates. Lanza Enterprises, Inc. v. Continental Insurance Co., 129 So.2d 91 (La.App. 3rd Cir. 1961). We think defense counsel was obviously sincere and actually presented several serious issues. Damages for frivolous appeal are denied.
*411 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.