BOLIN, Judge.
At approximately 11:15 p. m., on June 20, 1964, Juiee Teacle, a minor, was riding as a guest in an automobile owned and operated by Ed Sullivan, Jr., in Shreveport, *682 Louisiana. Sullivan’s vehicle was involved in a collision at the intersection of Line Avenue and Ockley Drive with a car driven by Constantine D. Booras, minor son of D. C. Booras. J. N. Teacle, individually and on behalf of his minor daughter, instituted a suit in tort against State Farm Mutual Automobile Insurance Company, liability insurer of the Booras automobile, and General Guaranty Insurance Company, Liability insurer of the Sullivan vehicle. From judgment rejecting plaintiff’s demands against all defendants he appeals.
Line Avenue is a four-lane paved street running generally north and south. Ockley Drive intersects Line Avenue from the east .forming a T-intersection at the point of ■collision. This intersection is controlled by an ordinary electric traffic light.
Booras, who was driving a Pontiac, was attempting a right turn off Ockley onto Line Avenue when his vehicle was struck on the left front fender by a Chevrolet Corvair operated by Sullivan. ^
* Both defendants denied any negligence on the part of their insureds and alternatively pleaded that Miss Teacle was barred from recovery because of contributory negligence ■or assumption of risk in that both she and Sullivan, over a period of several hours prior to the accident, had separately and together been imbibing intoxicating beverages ; that both were under the influence of intoxicants which impaired their mental and physical faculties; that said drunkenness was one of the proximate causes of the accident; that Miss Teacle voluntarily rode with Sullivan knowing he was intoxicated and thereby was barred from recovery against Sullivan’s insurer.
We agree with the factual findings of the lower court which we shall recite. As Booras approached the intersection controlled by a traffic light he noted it was green. Having traveled the street before, he came to a stop in order to make sure that no traffic was approaching the intersection on Line Avenue in disregard of the traffic signal. After waiting momentarily at the light, and while it was still green, he proceeded to make a right turn into Line Avenue. As he was completing this maneuver his car was struck by that of Sullivan, who was proceeding north on Line and failed to yield the right of way. We are in complete accord with the findings of the trial judge that Booras was free of negligence and that Sullivan, while intoxicated and driving at a very high rate of speed, ran the red light, which actions amounted to gross negligence.
The above factual findings frees State Farm from liability as the insurer of the Booras vehicle. Left for consideration is the question of whether Miss Teacle’s conduct in consuming intoxicating liquors with Sullivan and entering the car with him at a time when it is alleged that she knew or should have known of his intoxicated condition precludes plaintiff’s recovery. In order properly to dispose of this question we deem it necessary to relate the activities of Miss Teacle and Ed Sullivan during approximately ten hours preceding the accident."'
The accident occurred on Saturday and Julee Teacle, who was employed by Superior Iron Works, was not required to work that day. Beginning about 1 p. m. Julee, who was driving her own car, picked up another young girl and they began an extensive drinking spree. They went to an establishment known as Danny’s Grill in Shreveport where they imbibed alcoholic beverages to such an extent it became necessary for the waitress to ask some young man to take Julee’s girl friend home. Except for a short time when Julee perhaps ate a hamburger and drove to a friend’s house she continued her drinking in Shreveport and Bossier City until about 8:30 p. m., when she first came in contact with Sullivan, who had likewise been drinking intermittently since about 3:00 p. m. Their paths crossed about 8:30 when they met at Chris’s Village in Shreveport Although the evidence is disputed, we conclude that both Julee and Sullivan had numerous *683 drinks together between 8:30 p. m. and 11:15 p. m., the approximate time of the accident. In fact, Sullivan admitted on cross-examination that while he did not consider either of them to be “drunk” they were both “tight.”
Under the above circumstances, the lower court found that Julee Teacle assumed the risk of riding with an intoxicated driver and was guilty of negligence which contributed to the accident and rejected her demands.
Having concluded that Booras is exonerated of negligence it becomes incumbent upon plaintiff, if he is to recover in this case, to prove Miss Teacle’s injuries were caused solely by the fault, negligence, imprudence, or want of skill on the part of Edward Sullivan, Jr. Louisiana Civil Code Articles 2315, 2316.
While Louisiana is a civil law state and all tort liability is based primarily on Louisiana Civil Code Article 2315, our courts over a period of years have seen fit to reach into the common law and utilize certain doctrines and theories in an effort to simplify, or perhaps fortify, their findings of liability or lack thereof. One such doctrine which seems to fit the facts of this case is that of assumption of risk, sometimes perhaps incorrectly referred to as contributory negligence.
Under our established jurisprudence a guest passenger cannot recover from his host for personal injuries received as a result of his host’s negligent driving when it appears that the guest passenger knew or should have known that the host driver had consumed a sufficient amount of intoxicants to cause him to lose normal control of his physical and mental faculties and cause such faculties to be materially impaired. Under such conditions the guest passenger is found to have assumed the risk and is barred from recovery. Stalsby v. Powell (La.App. 3 Cir., 1962) 146 So.2d 279; Grayson v. Allstate Insurance Company (La.App. 1 Cir., 1962) 141 So.2d 101; Dowden v. Bankers Fire & Marine Insurance Company (La.App. 2 Cir., 1960) 124-So.2d 254; Lyell v. United States Fidelity & Guaranty Company (Orl.App., 1960) 117 So.2d 290.
There have been many scholarly articles written on the assumption of risk doctrine and its proper place in our law of torts. See Symposium: Assumption of Risk, 22 La.L. Rev. 1; also Tort Doctrines in Louisiana: From What Sources Does It Derive? Professor Ferdinand Fairfax Stone, 16 T.L. Rev. 489.
As a result of our research of this question we feel constrained to say that the expression “assumption of risk” is a very confusing one. In many instances it is used to beg the real question or as an easy and readymade answer to the question of tort liability. Perhaps it would be better if the term had never been incorporated into the. case law of Louisiana, but we shall not attempt by this one opinion to wipe aside all the well-established jurisprudence of this state. We might add, parenthetically, that even without the established jurisprudence on the doctrine of assumption of risk we would have no difficulty in finding plaintiff had failed to make out his case under Louisiana Civil Code Articles 2315, 2316 in that whatever damage was suffered by Miss Teacle or her administrator was caused, not by the fault, negligence, imprudence, or want of skill of Sullivan, but by her own fault in voluntarily getting into the automobile with an intoxicated driver who she knew or should have known was in no condition to safely transport her.
For the reasons assigned the judgment is affirmed at appellant’s cost.
Affirmed.