Plaintiff brought this suit against Vito and Charley Giannobile to recover damages in the sum of $1,700 for personal injuries, damage to her car and medical expenses which she claims to have sustained by reason of an accident on Sept. 12, 1940, when the car which she was driving on Highway 51 in front of the residence of the defendants struck a mule belonging to one of the defendants.
Plaintiff alleges in Article 4 of her petition that when she reached a point in front *Page 88 
of the residence of the defendants on the above highway, a mule was suddenly driven out of the premises of said defendants onto the highway, and so close to her car that she was unable to stop her car before colliding with the mule, although she was going at a reasonable and prudent rate of speed. The substance of the allegations of Article 5 of the petition as amplified by a supplemental petition is that the mule was driven out of the premises of defendants by one of their employees acting within the scope of his employment, but the mule was not hitched to a vehicle; that the mule did not have on any halter or rope by which its actions could be controlled by the employee who was driving it; that the mule was running loose and was trying to avoid the employee who was following the mule with a whip and trying to get within striking distance of it.
The defendants denied Article 4, except they admit that plaintiff ran into a mule belonging to the defendant, Charley Giannobile, and they allege that this mule was in a pasture some 150 or 200 yards in the rear of the residence of defendant, Vito Giannobile, with other mules; that said pasture is connected with said premises by a lane leading alongside of a cultivated field; that said defendant (evidently referring to Charley Giannobile) sent one of his employees to drive the mule into the sales barn, and just before the bunch of mules reached the gate leading into defendant's yard, the mule in question broke away from the bunch and ran out into the highway; that said mule reached the highway and was on the right side of same in ample time for plaintiff to have seen the mule and stopped her car had she been going at a reasonable speed. In answering article five of the petition as amplified by the supplemental petition, defendants admitted same; except they deny that the employee was near the mule or attempting to strike it with a whip.
Charley Giannobile filed a reconventional demand against plaintiff for $100, alleged damage to the mule. It is alleged that the negligence of the plaintiff was the cause of the accident, but her negligence is not pleaded in the alternative as a bar to plaintiff's recovery, so the question presented is whether or not the defendants were guilty of negligence which was a proximate cause of the accident.
The trial judge dismissed plaintiff's suit, and she has appealed. As nothing was said in the judgment about the reconventional demand, it must be considered as having been dismissed and is no longer before the court.
Plaintiff herself was the only witness who testified in her behalf as to how the accident occurred. She said that she was driving south on the highway at a speed of 35 or 40 miles per hour, and she slowed down on approaching defendants' place as there is usually a jam there (there being a kind of mule sales lot operated by them); that when she was about 50 feet from the gate, she saw a negro boy chasing two mules in the yard with a whip; that Charley Giannobile was standing with his back to the road holding the gate, as she thought to keep the mules from coming out, but as she approached, he opened the gate and two mules jumped out onto the highway, one going to the rear of her car and the other jumping in front; that she did all she could to stop her car, but it struck the mule on its left hip on the pavement; that her car rolled a few feet further and stopped on the left hand side of the road. She then described her injuries and the damage caused to her car.
It is apparent that plaintiff bases her claim of negligence on the part of defendants in that their employee, the colored boy, was chasing the mules with a whip, and that Charley Giannobile was guilty of negligence in opening the gate near the highway as plaintiff was approaching and permitted the mules to run out onto the highway immediately in front of her car.
So far as the record shows, there is no law or ordinance in Tangipahoa Parish prohibiting stock from running at large, and the mere fact that defendants' mule came out of the yard or pasture through a gate onto the highway does not show negligence on the part of the defendants, unless, as plaintiff claims, they or their employee ran the mule out the gate immediately in front of plaintiff as she approached on the highway, or failed to take the necessary precautions to keep the mule from coming through the gate onto the highway in front of the car after the mule had become frightened by reason of being chased by the negro boy.
Plaintiff insists in this court that the answer of the defendants admits their negligence; that in admitting article 5 of the petition as amplified by the supplemental petition, they admit their negligence. We do not so construe the pleadings. While that part of article 5 as amplified by the *Page 89 
supplemental petition which charges that the negro employee was driving the mule out of the premises of defendants and that said mule was loose and not hitched to a vehicle or led by a rope is admitted in the answer, the vital part of the article as amplified to the effect that the negro boy was following immediately behind the mule with a whip and was trying to get in striking distance of it is denied. So that the answer, taken in connection with the allegations in article 4 thereof, only admits that the colored employee was driving the mules from the pasture to the sales lot when one of them broke away and ran out onto the highway through the yard gate, but nowhere in the answer is it admitted that the colored boy was chasing the mule with a whip and that Charley Giannobile opened the gate while the mule was thus being chased and let it out immediately in front of plaintiff as she approached on the road.
Charley Giannobile testified that he was standing in the mule lot some 60 feet below the yard gate where the mule came out; that he was showing some men a mule; that the yard gate stays open, and back of the house there is a gate leading into a pasture where the mules are kept; that this mule broke out of the pasture gate back of the house and came through the yard gate onto the highway just as plaintiff passed driving at a rapid rate of speed and ran into the mule, running about 75 feet down the highway before stopping. He denied that he was standing at the yard gate when the mule came out, and denied that the colored boy was chasing the mule — in fact, he denied that the colored boy was sent to drive the mules from the pasture, although in his answer he alleged that he sent one of his employees to drive the mules into the sales barn which was done almost every day.
Four or five men testified that they were in the mule lot where Charley Giannobile was showing one of the men a mule. All of these men say that the mule came out of the yard gate which is 40 to 60 feet above the mule lot, and that no one was chasing the mule. Some of these witnesses testified that this yard gate was open and the mule came from the back and "trotted" out this open gate onto the highway. Unless the testimony of these four or five witnesses is to be disregarded or disbelieved, and the testimony of plaintiff alone is to be accepted, the vital facts necessary to show negligence on the part of defendants have not been proved with that legal certainty to justify a recovery. We certainly cannot point out any manifest error on the part of the trial judge in his conclusions.
For the reasons assigned, it is ordered that the judgment appealed from be, and the same is hereby, affirmed at the cost of plaintiff in both courts.