McINNIS, Judge ad hoc.
The plaintiff in this case issued a policy covering a 1950 Ford automobile owned 'by L. C. Weaver, insuring it against collision and upset. The automobile was involved in an accident at about 10:30 p. m. the night of September 25, 1950. Plaintiff paid Weaver for his damage and took a subrogation of his rights against the defendant in this case.
At the time of the accident the automobile was being driven by Ira Green and the following negligence is charged to him:
(a). Driving at a speed too fast under the surrounding circumstances and conditions ;
(b). Failing to keep the 1950 Ford automobile under proper control;
(c). Exceeding the lawful speed provided by the Louisiana Highway Regulatory Act;
(d). Failing to reduce the speed of the automobile when approaching other traffic at night;
(e). Failing to keep a proper lookout and failing to observe the Johnson automobile which he could have seen and would ■have seen had he been observing the road ahead properly;
(f). Driving at a speed so excessive that he could not bring his automobile to a halt within the limits of the illumination allowed by the headlights on said automobile ;
(g). Driving under the influence of al-chohol or while drinking to the extent that his vision and control of the automobile which he was driving was materially impaired thereby.
The negligence charged to Johnson is as follows:
(a). Parking or backing slowly onto the east or right 'hand side of the highway, without lights on his vehicle, and blocking the lane of the highway for northbound traffic;
*861 (b). Failing to keep' a proper lookout around him and failing to observe the surrounding circumstances and conditions;
(c). Failing to sound any signal or make warning for protection of traffic approaching in the lane blocked by his automobile.
It is charged that the negligence of Green and Johnson was concurrent and the negligence of both the cause of the accident and resulting damage. In the alternative it is charged that the accident was caused solely and entirely by the gross negligence of Green as set forth, and in the further alternative that the accident was caused entirely by the gross negligence of Johnson.
The prayer of the petition is for judgment for $1,850 as the value of the Ford automobile, but it is admitted that the plaintiff received $915.00 for salvage of the Ford automobile, which would reduce the amount claimed to $935.00.
Defendant, Green, filed an answer on January 2, 1951, denying the substantial allegations of the petition and setting up that- he was driving carefully at a speed of around 50 miles per hour and 'had not .been drinking; that the Chevrolet driven by Johnson was being backed into the east or right hand lane without any lights of any kind; that it was impossible for him to see it until he was within fifty feet of it. He charges that the accident was due to the negligence of Johnson, - which he charges in practically the same words that plaintiff charged.
On June 11, 1951 Green filed an amended answer in which he adopted all of the allegations of his original answer and, further answering, he says that L. C. Weaver asked him to take his car and-run an errand for him, and that as he had never driven Weaver’s car he told him he did not want to use it for fear something might happen to it; that Weaver then told him to go ahead and drive it and if anything happened it would be his, Weaver’s, responsibility. Plaintiff objected to the amended answer being filed and objected to the admission of any testimony to prove the allegations of the amended answer, but the objection was overruled and the evffience admitted by the District Judge.
Johnson answered the petition, denying any negligence on his part and claiming that he was driving on the right hand side of the highway when the Ford automobile was driven into the back end of his Chevrolet, and that inasmuch as his car was driven into from the rear, he does not know what specific acts of negligence Green committed.
After the trial on the merits the District Judge rendered judgment rejecting the demands of the plaintiff and from this judgment the plaintiff' prosecutes this devolutive appeal.
The record discloses that the collision occurred about 2miles north of Clarence, Louisiana, on Highway 71 when the Ford car being driven by Green collided with the rear end of a 1936 Chevrolet automobile being driven by Johnson. There is a conflict in the evidence as to the manner in which the accident occurred. Green claims that Johnson was backing the Chevrolet, without lights on it, onto the paved part of the highway, and that he was meeting another car with bright lights and that both dimmed their lights and he failed to see the Chevrolet until he was very close to it, probably 25 to 50 feet; that he was driving 60 miles an .hour and could not stop or go around the Chevrolet to the left. Johnson says that he was driving north at a slow speed but his lights were on and that having been struck from the rear he is not in a position to say how the accident occurred, but he ' denies that he was backing the car onto the highway, and pictures of the Chevrolet in evidence show that it was damaged most on the left side of the rear and which -indicates that Johnson was driving along the highway and not backing- into it .as Green claims, because, in that event, the right side of the Chevrolet would have been collided with.
The record as a whole is convincing that the accident was caused by the negligence of Green, who-was driving the car too fast under 'the "circumstances *862 and evidently not keeping a proper lookout. If Johnson was guilty of any negligence it was passive in that 'he was driving very slow and failed to keep out of the way of the speeding car Green was driving, and, for that reason, no judgment could he rendered against him.
As to Green, he was driving Weaver’s automobile, with Weaver’s consent and on a mission for Weaver, or a mission in which he . and Weaver were jointly interested. Green and Weaver and some others gathered at Weaver’s Camp were going to have a poker game and they needed change and Weaver sent Green after the change because Weaver himself was too drunk to drive the automobile, so, as stated above, it was either a mission for Weaver or a mission in which they both were interested. The amended answer and the evidence as to Weaver’s assumption of responsibility for what happened to the car was objected to, but we believe that the answer was properly allowed and the evidence is admissible. In fact, we believe that the evidence might have been introduced without the amended answer, and, for this reason, plaintiff cannot recover against Green.
We are of the opinion that the District Judge has correctly resolved the issues involved in this case and the judgment appealed from is accordingly affirmed at the cost of the plaintiff in both courts.
KENNON, J., not participating.