82 So.2d 8

COMMERCIAL STANDARD INSURANCE COMPANY

v.

Albert W. JOHNSON, Ira Green and L. C. Weaver.

No. 41582.

June 30, 1955.

Browne, Browne & Bodenheimer, Shreveport, for appellant.

Russell E. Gahagan, Natchitoches, for appellee.

SIMON, Justice.

This case is the sequel to the case of Service Fire Ins. Co. of New York v. Green, La. App., 56 So.2d 860, wherein plaintiff sued defendants Ira Green and Albert W. Johnson, seeking to be reimbursed the sum of damages paid to L. C. Weaver who had subrogated his rights against defendant to the plaintiff under the provisions of a collision insurance policy issued by plaintiff, covering Weaver's 1950 Ford automobile. The only question there was the alleged respective negligence of the defendants Green and Johnson as drivers of the two cars involved in the collision on September 29, 1950, for which damages were paid by plaintiff to their insured, Weaver. The trial court held in that instance that the accident was primarily caused by the negligence of Green; and that Johnson's negligence, if any, was passive. However, it was established that Green was on a mission for Weaver and was, therefore, absolved from personal liability. The trial court rendered judgment dismissing plaintiff's suit, and upon appeal the Court of Appeal, Second Circuit, affirmed said judgment, holding that the accident was caused primarily by the negligence of Green; and that Johnson's negligence, if any, was passive and not in any wise contributing thereto, and he was absolved from liability. However, the appellate court found that Green was on a personal mission for Weaver, who had expressly assumed all responsibility of Green's use of the car and was, therefore, absolved from personal liability.

The present suit was instituted by plaintiff herein, as subrogee of its insured, against the said Green, Johnson and Weaver, seeking judgment jointly, severally and

in solido in the sum of $12,503.36, being the amount paid by plaintiff to its insured, J. Tom Miller, d/b/a Miller Truck Lines, and Swift & Company.

Judgment was rendered in the trial court dismissing plaintiff's suit, from which judgment plaintiff appealed to the Court of Appeal, Second Circuit, which court transferred said appeal to this court for determination, in view of the fact that the amount of damages sued for being in excess of $2,000, exclusive of interest, exclusive jurisdiction is vested in this court. Louisiana Constitution Article 7, sec. 10, LSA.

Although there is varying evidence as to the site of the impact, the record conclusively shows, the uncorroborative testimony of the truck driver notwithstanding, that the collision occurred entirely within the east lane of traffic and that at no time prior thereto did the Green car swerve across the black or center stripe into the west lane of traffic. The investigating officers confirmed this conclusion by their findings of physical facts visibly apparent on the highway, such as the skid marks entirely on the east lane as made by the Green car when he had applied his brakes, and such as broken glass, mud and other debris usually found in such instances. There is no evidence to show that the path of the truck on the west lane of the highway was in any manner obstructed, other than by his naked anticipation of a possible collision, such as would

have required the truck driver to pull onto the dirt shoulder in an effort to avoid any imminent danger. It is also shown that immediately following the accident, north and south traffic flowed freely on the west lane of the highway past the point of collision, which confirms our conclusion that the west lane was never obstructed or impeded either before or after the collision so as to interfere with progress of traffic along said west lane.

However, plaintiff contends that the court of appeal in the Service Fire Ins. Co. case, supra, found that Green's negligence was the cause of the accident and that this negligence in itself created a perilous situation to the detriment of the truck driver, calling for acts of emergency resulting in the damages suffered.

We are fully cognizant of the well-recognized and accepted rule that one who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.[1] Under such circumstances, our law does not require a driver to exercise such self-control or the same degree of care and caution as is required of

1. 3-4 Cyclopedia of Automobile Law, Huddy, 9th Ed.

a person who has ample opportunity for the full exercise of judgment and reason. But it is equally true that, where proven existing circumstances are not such as to justify the driver's conduct on the ground of a sudden emergency, the law does not necessarily excuse his negligence nor grant him the right of recovery for damages sustained as a result of his acts under such circumstances.

 The facts disclosed by the record in this instance do not warrant us to accept and apply the sudden emergency doctrine. The evidence shows that no sudden emergency ever existed calling for any heroic measures such as would have compelled an ordinarily prudent and careful person to have deliberately pulled a heavily-loaded truck and trailer onto the dirt shoulder of a highway under the prevailing circumstances then existing.

Manifestly, the truck driver's alleged apprehension of peril was unreasonable, and if he became "rattled" at the sight of the accident he anticipated, such a condition of instability or lack of steady nerve should not excuse his negligence. We surmise that his stopping of this truck on the dirt shoulder beyond and south of the point of collision, unmindful of the danger of such a heavily-laden truck resting on a rain-soaked shoulder, was prompted either by the driver's curiosity to observe the incidents of a heavy motor vehicle crash or the humanitarian impulse to render aid to those who might have been injured as a result thereof.

Damages resulting from acts performed under the circumstances herein are not recoverable by law.

The question whether the acts of the parties herein created an emergency or were made necessary thereby is exclusively one of fact. The district judge resolved these facts in the negative and dismissed plaintiff's suit. We find no manifest error justifying our disturbance of his findings.

For the reasons assigned, the judgment of the trial court is affirmed. Plaintiff to pay all costs.

HAWTHORNE, J., absent.