TATE, Judge.
Plaintiff appealed from judgment dismissing his suit for personal injuries sustained when he attempted to avoid defendant’s cattle which were crossing or about to cross U. S. Highway 19 in East Felici-ana Parish.
*681 The facts are virtually undisputed. Plaintiff approached the site of the accident from the south. The “cattle crossing” was a place where gravelled roads on both sides of the highway led to cattle gates (for corrals or pastures), about fifty feet distant from both sides from the highway. Prior to the accident, defendant Gayden and two of his employees on horseback, together with several cattle, were east of the highway. Gayden testified that he came to the edge of the highway, looked north and south, saw no approaching traffic, and then returned somewhat to the east, signalling his men to drive 3 head of cattle from the corral on the east side across the highway to the pasture on the west side. He did not see plaintiff’s car approaching, although he testified it may have been in a curve approximately one mile south of the crossing.
Plaintiff Nicolle testified that when he was approximately 1,000 feet from the cattle crossing, approaching at a speed of 55-60 mph, he saw a horseman oil his night; he slackened his speed; but when approximately 40 feet from the scene of the accident, he commenced again to accelerate from the speed of 45 mph or so which he was then proceeding. He stated at about that moment he saw the 3 large white cattle of defendant coming onto the highway. He testified that they had not come more than 2 or 3 feet over the edge of the highway. He further admitted seeing them coming at a fast walk crossing the approximately 18 feet of clear space between the front of a truck and the edge of the road, but stated that it occurred so rapidly that he did not at once realize that the cattle were intending to cross the road.
Plaintiff Nicolle jammed on his brakes, and it is uncontradicted that the brakes locked, or at least one wheel locked, causing plaintiff Nicolle to skid 75 feet on a left (northwest) diagonal across the paved surface of the road, a further 50 feet on the gravelled left (west) shoulder, and then, after turning over several times, to come to rest another 50 feet or so beyond the skid-marks. The skidmarks, measured by a deputy sheriff, commenced 65 feet before the crossing. Nicolle did not hit any of defendant’s cattle, nor did he actually come within 15 feet of hitting one of defendant’s cattle, according to defendant’s witnesses.
Defendant and his two employees testified that their cattle had never come onto the paved portion of the highway, the brakes on plaintiff’s car having commenced skidding and screaming approximately some 100 feet or so south of the crossing. From the record, as well as from admissions made by the plaintiff to the investigating sheriff, defendant and his employees, there appears little doubt that plaintiff would have safely avoided defendant’s cattle and injury to himself if his brake had not “locked”, throwing him into a leftward skid, and* causing the accident complained of.
Able counsel for plaintiff seek to invoke the “sudden emergency” doctrine, to the effect that in an emergency created by the negligence of another, one is not responsible for misjudgment or negligence even though it be a proximate cause of the accident. Plaintiff urges, in effect, that a “trap” was created by the failure of defendant to place signs or signals that cattle were to cross the highway, and further in failing to see plaintiff approaching before letting his cattle proceed forward towards the road.
In the first place, we are unable to hold that defendant was negligent in the manner of crossing his cattle, insofar as violating the standard of a reasonably prudent man. On the contrary, we are inclined to believe that a reasonably prudent motorist, observing at least 1,000 feet away that there was activity in the cattle corral and knowing this was a cattle crossing (as plaintiff admitted), should have approached the crossing with more care and his car under more control and at a lesser speed. Further, taking into consideration that if plaintiff’s car were approaching at the admitted speed of 55-60 mph, it would be just in the curve one mile south of the crossing (or possibly out of sight behind the curve if going at the greater speed claimed by defendant) when defendant observed the roadway about one minute before the cat- *682 tie came towards the edge of the road, we do not feel that necessarily it would be negligent of defendant to cross his cattle even if a car were within sight in the distance. A cattleman has a right to drive his cattle prudently across the road and to anticipate that motorists approaching from the distance would see what they should see and govern their actions accordingly; and is negligent only in circumstances of driving the cattle out on the road immediately in front of an approaching motorist, or failing to keep the cattle from jumping out in front of an approaching motorist, see Cusimano v. Giannobile, La.App. 1 Cir., 15 So.2d 87. Otherwise, cattlemen might 'never be able to cross their cattle across the highway.
But in the second place, it appears to us that the proximate cause of the accident, even if there were any negligence on the part of the defendant, was the failure of plaintiff’s brakes to function properly. In fact, considering the fact that the cattle moving at a fast walk by the preponderance of the evidence had not even come onto the paved portion of the highway, we are inclined to believe that “no sudden emergency ever existed calling for any heroic measures such as would have compelled ah ordinarily prudent and careful person to have deliberately pulled * * under the prevailing circumstances then ■existing” his truck so far to the left arid onto the shoulder, Commercial Standard Insurance Co. v. Johnson, 228 La. 273, 280, 82 So.2d 8, at page 10, in a roughly similar recent case by our Supreme Court denying recovery when a truck driver pulled to a left shoulder when his path was unobstructed “other than by his naked anticipation of a possible collision”, 228 La. 277, 82 So.2d 8, at page 9.
For the above and foregoing reasons the judgment of the District Court dismissing plaintiff’s demand is affirmed. Cost of this appeal to be paid by plaintiff-appellant.
Affirmed.