HERGET, Judge.
Plaintiff, Tom Paul Fornea, instituted suit against Lindsley-Feiber Motors Company, Incorporated and its alleged insurer, Lumbermen’s Mutual Casualty Company, seeking recovery for injuries received when he was struck by a vehicle being driven by Robert Hobgood while allegedly acting within the scope of his employment with defendant Lindsley-Feiber Motors Company, Inc. In the minutes of the court of April 11, 1962, the following appears: “ * * * Counsel entered stipulation substituting American Motors Insurance Company instead of Lumberman’s Mutual Casualty Company as the insurance carrier of Lindsley-Feiber Motor Company. * * * ” From a judgment in favor of defendants, Lindsley-Feiber Motors Company, Inc. and American Motorists Insurance Company, against plaintiff, Tom Paul Fornea, rejecting his demands at his costs, Plaintiff appealed.
The record reveals on May 30, 1959 plaintiff, Tom Paul Fornea, accompanied his nephew Venile Lang to the premises of defendant Lindsley-Feiber Motors Compa *314 ny, Inc. where Mr. Lang intended to purchase a car and trade in his 1955 Oldsmobile. During the course of the negotiations Mr. Robert Hobgood, a salesman for Defendant, with the permission of Mr. Lang drove Mr. Lang’s vehicle for the purpose of making an appraisal thereof. When Mr. Hobgood returned to the premises of Defendant and was preparing to park the Oldsmobile in an area adjacent to the company’s showroom, despite the fact Mr. Hob-good depressed the brake pedal the vehicle rolled over the curbing in front of Defendant’s building and struck Plaintiff who was standing on the outside of the showroom. The injuries for which Plaintiff seeks recovery were thereby caused.
Plaintiff did not make Mr. Lang, his nephew, the owner of the car, a party defendant but seeks recovery only against Lindsley-Feiber Motors Company, Incorporated and its insurer. According to Plaintiff’s petition the alleged negligence of the employee of Defendant motor company consisted of his losing control and failing to apply the brakes of the vehicle, thereby causing the injury.
On the trial of the case Defendants maintained the accident resulted because of the ineffectiveness of the brakes on the Lang vehicle. Mr. Hobgood was given no information of any defect in the brakes and had no knowledge thereof when the vehicle was placed in his possession by Mr. Lang. His testimony was that he had, on driving the car while testing same, applied the brakes and ascertained their effectiveness and it was not until he attempted to stop upon his returning the car the unlooked for brake failure occurred.
A representative of Defendant insurance company, who was a witness for the Defendants, testified that some two days after the accident he drove the Lang vehicle into Tullos Motor Company for the purpose of having the brakes checked and a rather unusual coincidence occurred. Though previously, while on his way to the Tullos Motor Company, he had applied the brakes several times finding them to work satisfactorily, upon driving into the repair shop, despite the application of the brakes, they failed, the automobile proceeded forward running into a desk and battery charger in the rear of the shop. It was following this occurrence Mr. Tullos made his examination of the brakes of the vehicle and found though the brakes on numerous occasions worked efficiently, same in unpredictable instances when depressed failed to activate.
No other negligence was attributed to the acts of Mr. Hobgood except the testimony of one witness who stated at the time Mr. Hobgood made the turn into Defendant’s parking area he was traveling at approximately 25 miles per hour. Contrarily, Mr. Hobgood related he had slowed the vehicle to some two or three miles per hour and was some ten feet from the point of contact with Plaintiff when he applied the brakes and same failed, thereby creating an emergency which prevented his being able to avoid the vehicle striking Plaintiff. From the resulting damage it is apparent Mr. Hobgood’s version of the speed at the time is true, for the forward progress of the vehicle would have taken it through the shop of Defendant had the vehicle been traveling at the speed estimated by Plaintiff’s witness at the time Mr. Hobgood applied the brakes.
There was offered the testimony of an automobile expert, called by Defendants, who attributed the sudden failure of the brakes to “It was failure in some small part, most likely the power seal in the power brake master cylinder.”
In its written reasons for judgment, the Trial Court was of the opinion the employee, Mr. Hobgood, was completely free of any negligence or contributory negligence and that the proximate cause of the accident was the unforeseen failure of the brakes on the automobile belonging to Mr. Lang. In our review of the testimony offered on the trial of the case, we are of the opinion Defendants have, without question, shown the causation of this accident to *315 have been the sudden, unanticipated, failure of the brakes.
In the case of Commercial Standard Insurance Company v. Johnson, 228 La. 273, 82 So.2d 8, at pages 9-10, the Supreme Court said:
“We are fully cognizant of the well-recognized and accepted rule that one who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. Under such circumstances, our law does not require a driver to exercise such self-control or the same degree of care and caution as is required of a person who has ample opportunity for the full exercise of judgment and reason. * * * ”
In Bourgeois v. Fidelity & Casualty Co. of New York, La.App., 102 So.2d 532, at page 535, we said:
“ * * * In Cook v. Dance, La.App., 96 So.2d 350, 353, we find:
“ When a driver of a motor vehicle is confronted with a sudden emergency not of his own making and to which he did not contribute, he cannot be held responsible or liable for errors of judgment committed by him in the emergency where he is compelled to act instantly in an effort to avoid an impending accident. In such circumstances he may not be said to be guilty of negligence if he makes such a choice as a person of ordinary prudence would have made even though it appear later that he did not make the wisest choice. He is not held to the same coolness, accuracy of judgment or degree of care that is required of him under ordinary circumstances and is not liable for injuries caused by his vehicle if an accident occurs under the stress of such emergency, provided he was exercising ordinary, prudent and reasonable care to avoid the accident. Snodgrass v. Centanni, 1956, 229 La. 915, 87 So.2d 127; Commercial Standard Insurance Company v. Johnson, 1955, 228 La. 273, 82 So.2d 8; Troy v. Lanclos, La.App. 1955, 85 So.2d 70.’ ”
No evidence having been offered (1) Mr. Hobgood was in any way advised of the defectiveness of the brakes, and (2) finding the evidence fails to point to any acts of negligence on his part, we are of the opinion Mr. Hobgood should be and is absolved from any negligence in the causation of this accident and same resulted solely from the emergency created by the unanticipated failure of the brakes to operate.
Affirmed.