YARRUT, Judge.
Plaintiffs, Mr. and Mrs. Myers, and their subrogated liability insurer, brought this *474 direct action against Defendant to recover for personal injuries to Mrs. Myers, property damage to their vehicle, and medical fees.
Plaintiffs charge that Defendant’s insured’s driver failed to keep a proper lookout, failed to keep proper control, left his proper lane of travel and ran into the rear of, and sideswiped, the Myers’ vehicle. Defendant first denies negligence on the part of its insured’s driver; then, alternatively, pleads contributory negligence on the part of Plaintiff (Mrs. Myers) in failing to keep a proper lookout; in failing to keep proper control; in making a sudden, un-signaled left turn in front of oncoming traffic on a highway; in operating a vehicle so as to swerve from one lane to another; in failing to see what she should have seen; and in operating a motor vehicle while in a state of confusion and panic.
On October 17, 1961, Mrs. Myers (Plaintiff) was driving her Cadillac in the direction of New Orleans on the Airline Highway in Jefferson Parish. She reached a neutral-ground break slightly above the Crescent Airline Shopping Center, just below Schwegmann’s store. She stopped in the break about the same time that Joseph Young was driving an empty trailer truck for Defendant’s insured in the direction of Baton Rouge, on the Airline Highway. While making a left turn to complete a U-turn to continue back in the direction of Baton Rouge, Mrs. Myers continued circling toward the lane next to the neutral ground,- resulting in a collision between the front of the trailer truck and the left side of Mrs. Myers’ vehicle, which was at a forty-five (45°) degree angle facing the river.
The district court rendered judgment in favor of Defendant and against all Plaintiffs, dismissing the latters’ suit at their cost. From this judgment of dismissal, Plaintiffs have appealed.
From the record we are convinced, as was the district court, that the collision occurred as a result of the sole negligence of Mrs. Myers in attempting to enter the north-bound traffic lanes of the Airline Highway by making a sweeping U-turn in front of the oncoming truck of Defendant’s insured, which she failed to see, and in continuing her turn from the outer lanes toward the inner lanes, causing the truck to strike the left side of her vehicle.
Mrs. Myers testified she had no recollection of how the accident happened, because of her state of confusion, nor could she deny that she had given any statement to the state highway patrolman who appeared upon the scene to investigate the collision.
The state trooper, after first testifying that the impact occurred right around the line which separates the first and second lanes next to the neutral ground, further testified the truck was around the first lane when the impact occurred, as per the following testimony:
“A. Well, the lady said she had been travelling SOUTH and had turned at this auxiliary crossing to go back NORTH and that she did not SEE this subject truck and she was struck by it.
“Q. Did she tell you she was coming around, or that she had made the turn — had completed the turn?
“A. She said that she had made the turn, completed the turn.
“Q. On your diagram you had it on a forty-five (45°) degree angle to the neutral ground. Is that what she told you ?
“A. She said she was ‘cutting back’ towards this line (indicates by pointing on diagram).
“Q. That is how you got the information about it?
“A. Yes. Also, the colored driver told me that.
“Q. What did HE tell you?
*475 ■“A. He said he was travelling North on the Airline Highway, and this lady had made her turn and had gotten into the THIRD lane and that he cut to the left to go around and that SHE cut also towards the left, going towards the first lane, when he struck her.
■“Q. Did you notice the damage to the lady’s car?
“A. Yes. It was on the LEFT side.”
The proximate cause of the collision was the negligence of Mrs. Myers in turning left on a highway in the face of oncoming traffic, and in continuing around in a sweeping semicircle toward the river. She admitted she did not see the vehicle which hit her, indicating clearly that she was not keeping the proper lookout. Had she been keeping a proper lookout, she could not have failed to see the approaching trailer truck.
Castille v. Houston Fire & Casualty Insurance Co., La.App., 92 So.2d 137; Aetna Casualty & Surety Co. v. Crow, La.App., 86 So.2d 212; Messina v. Audubon Ins. Co., La.App., 67 So.2d 143; Graves v. Riser, La.App., 62 So.2d 163; Day v. Roberts, La.App., 55 So.2d 316.
Mrs. Myers admitted that since the accident her driver’s license requires her to use proper glasses when driving; that, while she had to wear glasses before the accident to read, she could not remember whether or not she wore them at the time of the accident. This probably explains why she did not see Defendant’s insured’s truck approaching from her right before she completed her U-turn across the highway in its path.
In the alternative, Plaintiffs argue that the truck driver had the last clear chance to avoid the accident. This doctrine is applied only when, in spite of the negligence of one driver, the other driver, observing the peril, has ample time and opportunity to avoid a collision yet fails to do so. However, this doctrine does not apply in the case where, in an emergency not created by his own negligence, a driver, seeking to avoid a collision, takes the wrong course and fails in his effort.
Commercial Standard Insurance Company v. Johnson, 228 La. 273, 82 So.2d 8; Lumbermens Mut. Ins. Co. v. General Insurance Corp., La.App., 92 So.2d 750; Norwood v. Burford, La.App., 83 So.2d 570; Martin v. Cazedessus, 15 La.App. 100, 130 So. 129.
The judgment of the district court is affirmed, Plaintiffs to pay all taxable costs in both courts.
Judgment affirmed.