HARDY, Judge.
This is a suit by husband and wife for the recovery of damages resulting from an automobile collision. Sammie Allums, the driver of the other car involved, and his automobile liability insurer were named as defendants and have appealed from judgment in favor of plaintiffs. Plaintiffs have answered the appeal, praying for an increase in the amount awarded plaintiff wife as damages for personal injuries.
The accident occurred on a dirt road in Claiborne Parish which was about eighteen feet in width without shoulder space on either side. Plaintiff wife testified that as she was driving her Pontiac automobile south she observed the approach of a pickup truck driven by defendant, Allums, in a northerly direction approximately in the center of the somewhat narrow road; that, the driver of the truck failed to return to his proper lane of travel; that as she applied the brakes and turned her car to the left the other driver finally turned to the right, striking the Pontiac on the right side. There were no eye witnesses to the accident except the drivers of the vehicles involved. Allums testified that he was in his ^proper lane of travel; that the Pontiac car cut across the road immediately in front of him and struck his car as he had come to a complete stop. These opposed versions of the manner of occurrence of the collision are irreconcilably conflicting. However, the testimony of the State Trooper who investigated the accident is strongly corroborative of the version given by the plaintiff wife. From the examination of the tire marks of the respective vehicles the Trooper concluded that defendant’s pickup truck was traveling approximately in the center of the road with its left wheels some three feet in the opposite lane of the highway and swerved to the right approximately twenty feet from the point of impact.
In a written opinion the district judge carefully analyzed the testimony of the witnesses and reached the conclusion that plaintiff wife was confronted by a sudden emergency and that she attempted to avoid the accident by evasive action, which she was forced to take because of the failure of defendant, Allums, to timely move his vehicle into his proper lane of travel. With this factual conclusion we are in complete accord.
We are well aware of the general principle which imputes a presumption of negligence in those instances where a collision occurs in the wrong lane of travel. The rule is well stated, and supported by appropriate authority, in Hightower v. Dr. Pepper Bottling Company (La.App. 2nd Cir., 1960), 117 So.2d 642, as follows:
“Our jurisprudence recognizes the rule that where a collision occurs in one of two traffic lanes, the presumption is that the driver of the vehicle determined to be in the wrong lane was negligent, and the burden is upon him to show the collision was not caused by his negligence, or that there were justifiable circumstances which would excuse his conduct.”
The burden has been discharged by plaintiffs in the instant case, and the evidence preponderates in support of the conclusion that plaintiff wife was free from negligence and that she was justified in her attempt to avoid the consequences of a sudden emergency created by defendant, Allums, *351 by turning her car into the opposite lane of travel.
It is urgently contended by counsel for defendants that the doctrine of sudden emergency is not applicable under the facts of the instant case, and that, according to the testimony, plaintiff wife would have avoided the accident if she had continued in her proper lane of travel, citing Commercial Standard Insurance Company v. Johnson, 228 La. 273, 82 So.2d 8.
 We cannot accept this argument. We think the testimony supports the conclusion that plaintiff wife was confronted with a sudden emergency in view of the fact that the defendant driver showed no indication of moving back to his proper side of the highway until he was within some twenty feet of the point where the collision actually occurred. The mere failure to exercise the best judgment or to take what might, in retrospect, prove to have been the safest course, is not the ultimate standard, but rather, the law only requires that a person confronted by an emergency exercise the degree of care and caution which might be expected of a reasonably prudent person under the same circumstances; Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127. Even an ill-advised action which leads to an unfortunate result simply constitutes an error of judgment which does not justify a conclusion of liability in the absence of active negligence or lack of proper and reasonable caution; McQuillin v. Travelers Indemnity Company (La.App. 2nd Cir., 1965, writs denied), 171 So.2d 691.
Plaintiffs’ answer to the appeal requires a consideration of the quantum of the award in favor of plaintiff wife. The testimony of plaintiff and her attending physician establishes the nature of the injuries sustained, in addition to severe contusions and bruises, as consisting of a somewhat severe sprain of the muscles and ligaments in the cervical area of the neck and in the shoulder. As a result of her injury plaintiff was hospitalized on two occasions for an aggregate period of some twenty days; was confined to her bed for a period of several weeks; was unable to perform the duties of her employment for a period of more than three months and suffered pain and discomfort for an additional indefinite period. Under these circumstances we cannot conclude that the award of $3,000.00 was either inadequate or excessive.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s, cost.