SAMUEL, Judge.
This is a suit for damages resulting from a rear end automobile collision. The two plaintiffs, Emanuele Augello and Gaetano Augello, are brothers. The former, a passenger in the plaintiff automobile, sues for his personal injuries; the latter sues individually and for the use and benefit of his minor son, whose name is Emanuele Augello (he and his plaintiff uncle have the same name), for personal injuries suffered by the child.
The suit originally was against only Richard J. Call, the owner and driver of the defendant car. Call answered, denying negligence and alleging the sole cause of the collision was a latent defect in the braking system of his automobile. He also filed a third-party demand against Walter K. Ruppert and Walter K. Ruppert, Jr., d.'/b/a Foreign Car Service Center, alleging said third-party defendants were the sole cause of the accident because the defect in the braking system was due to their negligent or faulty repair work.
Subsequently plaintiffs filed a supplemental and amended petition naming as an additional defendant The Travelers Insurance Company, automobile liability insurer of the plaintiff car, and seeking judgment against Travelers under the terms of its uninsured motorist coverage. Travelers answered denying negligence on the part of Call and alternatively made a third-party demand against Call for indemnity for any sums for which it might be cast on the main demand. Thereafter plaintiffs filed a second supplemental and amended petition naming the two Rup-perts as defendants.
After trial there was judgment against Call, Travelers and Walter K. Ruppert, Jr., in solido, in favor of plaintiff Emanuele Augello in the amount of $2,000 for his injuries and in favor of Gaetano Augello, individually and for the use and benefit *131 of his minor son, in the amount of '$300 for both the child’s injuries and a $24 doctor’s bill incurred as a result thereof; Travelers was awarded judgment over against Call for any amount it becam.e obligated to pay to the plaintiffs; and the elder Ruppert was dismissed! from 1;he suit on the ground he had not be:en connected with Foreign Car Service Center.. Travelers alone has appealed, conceding however that the dismissal of thie elder Rup-pert from the suit is correct. Accordingly, that dismissal is not before u:s.
In this court appellant contends: (1) the trial court erred in finding negligence on the part of Call; and alternatively, (2) the awards for personal injuries are excessive. Plaintiffs have answered the appeal seeking: (1) an increase, to $3,000 in the award to the plaintiff E.manuele Au-gello; (2) an increase to ‘$1,000 in the award in favor of Gaetano Augello for the use of his minor son; and (3) to have that judgment corrected so as to tax as costs against all defendants cast the fees of three doctors at $100 e ach and the fee of an interpreter at $75.
The accident occurred on May 20, 1964 between 9 and 10 a. m. o'ti Dauphine Street in the City of New Orleans. There are two lanes for moving traffic on Dauphine. The plaintiff car was stopped in the left lane facing Canal Street awaiting a favorable semaphore signal, when it was struck in the left rear by tine right front of the defendant automobile. Gaetano Augello, the owner of the pladntiff automobile, was its driver.- The cither plaintiff, Eman-uele Augello, was in the front seat to the driver’s right holding the minor child, Emanuele Augello, on his lap.
The defendant automobile was a 1959 Hillman Minx convertible, a small car of foreign manufacture with four forward gears. lit had been purchased by Call approximately five weeks prior to the date of the accident. On April 22, 1964 Call brought t'he car to Walter K. Ruppert, Jr. for repairs, primarily a complete brake job with the exception of the master cylinder. Subsequently, on May 6, 1964, foe returned to Ruppert with the: complaint that the brake pedal continued to go dovs/n too far and the brakes needed furth.er attention. Ruppert installed a new master cylinder and again adjusted thie brakes. On May 18, 1964, following installation of the master cylinder, Call again brought his vehicle to Ruppert complaining a'bout the brake pedal. On the morning of the accident Call picked up his car from Rup--pert’s place of business in the 400 bloc’k of North Galvez Street after being; to'Id the repairs had been effected.
Call testified as follows: After picláng up his car he drove it from North Ga ;lvez Street to Orleans Avenue to Dauphine Street and then, on Dauphine, in tb ,e direction of Canal Street to the point where the accident occurred. During this drive, which consumed approximately 10 ; or 15 minutes, he had no difficulty w -ith the braking mechanism in the midmorr ling city traffic. He first saw the stoppf ;d plaintiff automobile about 200 or 300 b eet ahead of him in his traffic lane. Tra iveling in fourth gear at a speed of app; ,-oximately 10 miles per hour he attemptei J to apply his brakes for the first time wl áen he was a distance of approximately • two car lengths from the plaintiff ve »hicle. The brakes failed to respond, the pedal went all the way to the floor, anr 1 in the few seconds left before the collisii on he pumped the pedal once and swerver i his car left into the curb which stoppi »d the vehicle after it had struck the pi; iintiff automobile. He did not attemp t to apply his emergency brakes nor d .id he consider swerving to the right inte ) the other traffic lane.
The record establishes, ■ and the litigants before us concede, that tl ie brakes suddenly failed as a result of i the fact that the hydraulic flex line had t iroken and allowed the hydraulic fluid to 1 -un out. The record also reveals ithere w ras no deterioration of the flex line which ( pall could or should have observed and th e line could burst, *132 and apparently did, without the driver be-img able to foresee that possibility.
Appellant’s contention regarding an alleged abssence of negligence on the part of Call is based on: (1) the rule that the dri ver of a motor vehicle is not responsible for an accident caused by latent defects in His car where he exercises reasonable care in having the car inspected or where the idefeict could not reasonably have been disco vered by proper inspection, citing Delahoussaye v. State Farm Mutual Automobile Insurance Co., La.App., 202 So.2d 287, Dowden v. Jefferson Insurance Company, La.App., 153 So.2d 162, Trascher v. Eagle Indemnity Company of New York, La.App., 48 So.2d 695, and Hassell v. Colletti, La.App., 12 So.2d 31; and (2) the suddi en emergency doctrine to the effect that a driver is not charged with negligence for failure to exercise the best judgment in an attempt to extricate himself from a \ perilous situation not of his own creatioi i, citing Dane v. Canal Insurance Company, 240 La. 1038, 126 So.2d 355; Commercial Standard Insurance Company v. Johnson, 228 La. 273, 82 So.2d 8, and Frey v. DiMaggio, La.App., 153 So.2d 571.
The hok ding of the trial court is based on a findi ng that the sudden emergency doctrine wa s inapplicable because Call contributed to i or caused the emergency. Although he d id attempt to have his brakes repaired, tht í trouble with the braking mechanism cc intinued despite two such attempts in a very short period of time and the court concluded he was negligent under the circ '■.umstances in applying his brakes for the i first time when he was only two car length: s from the stopped plaintiff vehicle.
We agree ; with the trial court finding on negligeni ce. Call gave the only testimony contair led in the record relative to his action s just prior to the accident. Knowing t 'hat the. braking system had been faulty e 'ven after two attempts to correct the same 1 he should have realized the malfunction might continue. Despite this fact he relied entirely on that system, even to the point of no return, when he first applied the brakes just two car length s behind the stopped plaintiff vehicle. We do not know whether the car lengths: he .referred to are the lengths of the small car he was driving or that of an ordinary American automobile. In either event he was negligent, especially in view of the fact that he continued to travel in fourth gear which, considering the low piowered foreign car he was driving, casts some doubt on his testimony that he wa s proceeding at only 10 miles per hour.
Plaintiff Emanuele Augello resides in Sicily. He was in New Orleans visiting his brother a.t the time of the accident. He did not seek medical attention until slightly more than a month after the collision occurred. Then, on two visits only, he saw Dr. S. J. LoC'oco, an orthopedic specialist. Although the doctor told him to return for further evaluation and treatment he failed to do so. He testified he did see other doctors when hie returned to Sicily several months late.r. Because of some obvious inconsistencies therein we are not impressed by his testimony. However, as did the trial judge, we can and do determine the extent of his injuries from the testimony of Dr. LoGoco.
Dr. LoCoco testified he saw Augello on June 23 and 24, 1965. Augello complained of pain and discomfort in the neck area, of weakness, especially in the arms and hands although the pain did not radiate into that .area, and of severe headaches. An orthopedic examination was performed, neurological testing was done and x-rays were ta ken on the second visit. Most of the objective physical findings were in the cervical spine. The doctor found Augello had a generalized weakness, particularly in the ujiper extremities, with a weakness of grip in both hands, which he associated with a cervical strain; there was some tenderness cVver the lateral aspects of the right parietal bone of the *133 skull and muscle spasm behind the neck, which also was tender; and there was a marked degree of limitation of motion of the cervical spine in all directions. Dr. Lo-Coco was of the opinion that Augello had sustained a contusion of the skull and a severe, acute cervical strain. He prescribed bed rest and a muscle relaxant which also controlled nervousness and agitation. Although hé told Augello to return in one week he did not see the patient again. Dr. LoCoco was of the opinion the delay in obtaining medical treatment ordinarily would prolong recovery. He felt Augello should have remained in bed for about two weeks after which he should have tried to regain his strength without returning to work for an additional three weeks and that Augello probably would suffer some periodic pain and discomfort for two or three months.
On the basis of Dr. LoCoco’s testimony we are of the opinion that the award of $2,000 is neither excessive nor inadequate to the extent that it constitutes an abuse of the trial court’s discretion under LSA-C.C. .Art. 1934(3).
The minor, Emanuele Augello, sustained only what appears to be a slight blow to the head when he was thrown against the dashboard of the plaintiff car. His regular pediatricians could find no evidence of such a blow when they examined the boy shortly after the accident. However, the child did have some emotional symptoms, a common type of anxiety reaction in children following involvement in an accident with trauma. The child’s injuries do appear to be slight. But the award of $300 (less $24) is correspondingly small and we find the same is neither excessive nor inadequate to the extent that it constitutes an abuse of the trial court’s discretion.
The last question presented for our determination is contained in that portion of plaintiffs’ answer to the appeal which seeks a correction of the judgment to the end that the fees of three doctors and the fee of an interpreter be taxed as costs against all defendants cast. The trial judge indicated from the^ bench that he intended to tax as costs the fees of the three testifying physicians referred to, Drs. David Spizer, Richard Bagnetto and S. J. LoCoco, at $100 each and the fee of a translator, Mr. William Dalzell, whose services were made necessary by the fact that one of the plaintiffs did not speak English, at $75. Apparently through inadvertence, the judgment made no mention of these items.
Subsequent to the date of the judgment plaintiffs filed a rule to tax those fees as costs against Call, the younger Ruppert and Travelers. Thereafter judgment on the rule was rendered as prayed against Call and Ruppert only; judgment was not rendered against Travelers because that defendant had taken its appeal prior to the filing of the rule and.the trial court had lost jurisdiction over the matter; the judgment did reserve plaintiffs’ rights against Travelers to tax costs and expert fees. Under these circumstances we are satisfied that the plaintiffs are entitled to the relief sought and we amend the trial court judgment accordingly.
For the reasons assigned, it is ordered that the judgment appealed from be amended to the end that the expert witness fees of Drs. David Spizer, Richard Bagnetto and S. J. LoCoco be set in the sum of $100 each, the expert fee of Mr. William Dalzell as interpreter be set at $75 and all of said fees be taxed as costs and charged to the defendant, The Travelers Insurance Company in solido with the other two defendants cast, Richard J. Call and Walter K. Ruppert, Jr. As thus amended, and in every other respect, the judgment appealed from is affirmed.
Amended and affirmed.