PICKETT, Judge.
This is a suit to recover damages for personal injuries sustained as the result of a collision between an automobile in which plaintiff was a guest passenger and an automobile driven by Frank Smith. The plaintiff has appealed from an adverse jury verdict dismissing his suit.
Michael P. McGuinness, the plaintiff, brought this suit against Stephen Reynolds, the driver of the automobile in which he was a guest passenger; Mrs. Irene S. Reynolds, the owner of the vehicle, and her insurer, United Services Automobile Association. Frank Smith, the driver of the other vehicle involved in the accident, and Gary Wayne Smith, were made defendants, also.
The plaintiff’s petition recited several acts of negligence by the driver of the vehicle in which he was riding. He also charged the driver of the north bound 1957 Ford Coupe that collided with the Reynolds vehicle with negligence. The United Services Automobile Association answered, (none of the other defendants filed an answer) and denied any negligence on the part of Stephen Reynolds or Mrs. Irene S. Reynolds; and averred that the accident was unavoidable, it having been caused by the left rear tire suddenly, unexpectedly, and unforeseeably “blowing out” and thus causing the vehicle to spin into the north bound lane of traffic.
The facts are that the defendant Stephen Reynolds was driving his mother’s 1965 Chevrolet Coupe automobile in the south bound lane of the Greater New Orleans Causeway bridge on March 9, 1968, at approximately 9:30 o’clock p. m. in the Parish of St. Tammany, Louisiana. Michael P. McGuinness was riding as a guest passenger in the right front seat of the Reynolds vehicle. As the vehicle approached the twelve mile marker, it began to swerve from side to side and fishtail in and out of the adjacent north bound traffic lane and finally came to a stop across the north bound traffic lane with the front part of *486 the vehicle in the south bound lane of travel, in such manner that the rear of the car was positioned at an angle across the north bound lane of travel.
The plaintiff’s version of the accident is that he was riding in the right front seat of the Reynolds vehicle. The car was traveling on the causeway in a south bound direction away from St. Tammany Parish and toward Jefferson Parish, at night and in foggy weather. The causeway at that time consisted of only two lanes of traffic proceeding in opposite directions. As the automobile in which the plaintiff was riding approached the twelve mile marker it began to swerve and fishtail in and out of the adjacent north bound lane and, finally, came to a stop with the front part of the vehicle in the south bound lane of travel and the rear portion thereof at an angle across the north bound lane. While in this position, the car was struck broadside by a 1957 Ford Coupe automobile owned by either Frank Smith or Gary Wayne Smith, and driven by Frank Smith. The Ford Coupe had come over an elevation in the causeway and struck the Reynolds vehicle on the driver’s side. As a result of the collision of the two vehicles, the plaintiff’s head was thrown through the windshield of the car in which he was riding, and his face was badly lacerated and he received other injuries.
The defendants’ version of the accident and the events leading up to the accident is that Stephen Reynolds and the plaintiff embarked on a trip from New Orleans to Hammond for the purpose of locating a party, or parties, at the Southeastern Louisiana College. The automobile which was driven by Stephen Reynolds was owned by his widowed mother, Mrs. Irene S. Reynolds. The automobile at the time the trip was undertaken, was equipped with four new Firestone 500 tires, and functioned properly during the drive to Hammond. The young men were unable to locate the party or individuals whom they desired in Hammond, and they proceeded to return to New Orleans by way of the Lake Pontchartrain causeway. As the vehicle approached the twelve mile marker at a speed of approximately 50 miles per hour at about 9:30 p. m., the left rear tire suddenly “blew out.” As a result the vehicle began to swerve and fishtail and Stephen Reynolds immediately applied his brakes, -endeavored to control the automobile, and tried to bring it to a safe stop. He was able to stop the car, but he brought it to a stop at an angle across the highway with the front part of the vehicle in the south bound lane of travel and the rear portion thereof in the north bound traffic lane. Stephen Reynolds immediately endeavored to move the vehicle back into the south bound lane, but before he could do so, it was struck by a north bound motorist. As a result of the impact, both young men were injured.
Counsel for the plaintiff contends that the defendant’s defense that the cause of the accident was the sudden “blowing out” of a tire is not supported by the evidence. He points out that the tire was not introduced in evidence; and that defendants offered no reason or explanation for the failure to produce the tire in evidence. The plaintiff, also, calls our attention to the fact that although the pre-trial order shows that photographs of the tire were listed as exhibits, the defendant failed to introduce them in evidence. For these reasons the plaintiff argues that there is a presumption that had the defendant produced the tire or the photographs thereof, that the evidence would not have supported defendant’s claim that the tire “blew out” suddenly, and that it appeared to be in good condition prior to the “blow out.” The plaintiff suggests that the only evidence to show the condition of the tires prior to the accident was the self-serving testimony of Mrs. Reynolds and her son, Stephen A. Reynolds. However, that argument is refuted by the testimony of a disinterested witness, Trooper Marian Moore, the investigating officer, who observed the left rear tire after the impact. He said “the tire was flat and had a large *487 hole in the side of it.” He also said there was a large black mark on the highway from about where the car swerved into the north bound traffic lane to where it came to a stop. He explained that when a tire blows out, or goes flat suddenly, it folds itself up as it rolls and makes a large black mark which is different from what is normally known as a skidmark. The testimony of the trooper is to the effect that he was satisfied that the left rear tire had blown out.
Mrs. Reynolds testified that she purchased four new Firestone tires in February, the month before the accident, and that the tire that blew out was one of the four tires that she had purchased. She kept her automobile in a car port, and she had not driven it much. She felt that the tires should have been in good shape. She did not know what became of the damaged tire. The car was a total loss. She had not seen the tire since the accident.
Stephen Reynolds, the driver, testified that the left rear tire blew out and that the blow out was the cause of the accident. He said as soon as the tire blew out, he hit the brakes and brought the car to a stop so that the front part was in the south bound lane and the rear part was in the north bound lane. He also said that as soon as he got the car under control, he tried to move it into the south bound lane, but just in a matter of a few seconds the other car hit the car that he was driving. He said the vehicle was operating normally and nothing occurred to indicate that there was anything wrong with the tire until it actually blew out.
The plaintiff testified that the car had been running smoothly and that he had no reason to be concerned about the defendant’s driving prior to the accident. He testified that they were proceeding along the highway at about 50 miles per hour when all of a sudden the car started to swerve, but he did not know what caused it to swerve. He admitted that he did not remember what happened to the car when it started to swerve. He said, “I imagine he (Reynolds) applied his brakes and tried to bring it under control.” Furthermore, he admitted that after the car had been stopped that the driver tried to start it and back up and get back into the south bound lane. He said the driver did not delay his attempt to move out of the north bound lane in any fashion whatever. But they were struck almost immediately by the north bound vehicle.
The plaintiff himself admitted that the speed of the automobile was about 50 miles per hour which was well within the speed limit of 60 miles per hour. The plaintiff likewise admitted that Mr. Reynolds appeared alert and responsive while operating the automobile, and that he had control over the vehicle and that there was no reason for him to be concerned about the driving. Hence we must conclude that there was no negligence on the part of Mr. Reynolds’ operation of the vehicle prior to the blow out of the tire.
After a careful examination of the evidence, we are convinced that the accident was caused by a sudden blow out of the left rear tire of the automobile owned by defendant’s insured. Our examination of the evidence fails to show that there was any negligence on the part of either Mrs. Reynolds or her son with reference to any observable defect in either of the tires. There had been no indication on the trip to Hammond that there was anything wrong with the tires and there was nothing to cause Mr. Reynolds to suspect that the tires were unsafe for use.
Based on the testimony of the plaintiff himself, we conclude Mr. Reynolds was not negligent in his operation of the automobile immediately prior to the accident; and that the manner in which he was operating the vehicle did not contribute to the occurrence of the accident.
In Cartwright v. Firemen’s Insurance Co. of Newark, N. J., 254 La. 330, 223 So.2d 822, the Supreme Court of Louisiana *488 had under consideration whether an automobile owner, without fault, is liable for damages resulting from a latent defect in his vehicle. In that case the Court said:
“We have considered this issue but once before, then on an application for certio-rari, in a case in which the Court of Appeal for the Fourth Circuit adhered to the doctrine of no liability without fault; and it squarely held that proof that plaintiff’s damages were caused by a latent defect in defendant’s automobile relieved him of liability for the damages when it was shown that he used reasonable means to keep his vehicle in a safe working condition, de la Houssaye v. State Farm Mutual Automobile Insurance Company, La.App., 202 So.2d 287. Therein, we denied certiorari with the observation that ‘On the facts found by the Court of Appeal, there is no error of law in its judgment.’ 251 La. 671, 205 So.2d 440.”
The plaintiff contends that the driver of the vehicle in which he was riding was negligent in failing to stop in his lane of travel when the car began to swerve, and that the accident having occurred in the north bound traffic lane is prima facie proof of the driver’s negligence. The evidence shows that when the defendant’s vehicle began to swerve, the driver immediately applied his brakes and began to stop, and did stop, but in the wrong traffic lane. However, he immediately undertook, according to the plaintiff’s testimony, to move his vehicle into his own and proper lane. We think the evidence in the record warrants the application of the doctrine of sudden emergency, which has been repeatedly recognized in our jurisprudence. In Snodgrass v. Centanni, et al., 229 La. 915, 87 So.2d 127, the doctrine of sudden emergency was well stated by the Supreme Court, as follows:
“One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. Under such circumstances, our law does not require a driver to exercise such control or the same degree of care and caution as is required of a person who has ample opportunity for the full exercise of judgment and reason. Commercial Standard Ins. Co. v. Johnson, 228 La. 273, 82 So.2d 8.”
We believe that the accident in this case was caused by the unexpected and unforeseen “blow out” of the left rear tire of the car owned by the defendant’s insured. The driver, Stephen Reynolds, was faced with a sudden emergency, and his efforts to control the vehicle, after it began to swerve, were consistent with good judgment under the existing circumstances. The jury saw the witnesses and heard them testify. They were obviously convinced that Stephen Reynolds was not negligent.
We find no manifest error on the part of the jury and, in fact, find that there is ample evidence in the record to support the jury’s verdict. For the foregoing reasons we affirm the judgment of the district court at appellant’s costs.
Affirmed.