PICKETT, Judge.
The plaintiff, Thomas E. Smith, instituted this suit to recover for property damages resulting from an automobile collision. *190 Named defendants in the petition were Mrs. Juanita R. Tate and her husband, W. C. Tate, the owner of one of the automobiles involved in the collision. The defendants answered in the form of a general denial of liability, and affirmatively alleged the accident was unavoidable, due to a sudden emergency. From a judgment of the trial court dismissing his suit, the plaintiff has appealed devolutively.
The accident occurred on November 30, 1972, at, or near, the intersection of Birch Street and Plank Road in the City of Baton Rouge, Louisiana, when the automobile driven by Mrs. Tate veered off Plank Road and collided with a 1970 Volkswagen owned by plaintiff and parked in a lot in the northeast quadrant of said intersection. Plank Road was a heavily traveled four-lane thoroughfare, divided by a neutral ground, with two lanes for vehicles traveling in a northerly direction and two lanes for traffic traveling in a southerly direction. At the time of the accident, the plaintiff, who was a repairman for South Central Bell, was working near the corner of Birch Street and Plank Road. He had parked his 1970 Volkswagen in a private parking lot located in the northeast corner of the aforesaid intersection.
The defendant, Mrs. Tate, testified that immediately prior to the occurrence of the accident, she was traveling north in the left north bound lane of Plank Road at a speed of about thirty-five miles per hour, when she overtook a large truck preceding her in the same lane. Gravel and other debris was falling from the truck and striking her windshield. In order to avoid the debris falling from the truck, Mrs. Tate turned into the right lane. Seeing no vehicle in front of her, Mrs. Tate began to pass the truck. When she had reached a position alongside the truck, and she was between the truck and the street curb, and just before reaching the Birch Street intersection, the truck suddenly turned in front of her, and forced her to turn to the right to avoid the truck. She was forced to go partly upon the sidewalk. As her vehicle and the truck reached the Birch Street intersection, the truck slowed down, skidded and appeared to be about to turn over. In a desperate effort to avoid being struck by the careening truck, Mrs. Tate turned sharply to the right into Birch Street. She applied her brakes hard to avoid running into some obstructions on the street corner and her vehicle skidded into the parking lot where she collided with the plaintiff’s Volkswagen. The truck that forced her off the street, after slowing down briefly at the Birch Street intersection, picked up speed and left the scene, without her being able to identify it.
Mr. James C. Hutchinson and his father, Mr. Ernest C. Hutchinson, witnessed the accident. At the time of the accident, they were traveling south on Plank Road. Both of these witnesses to the accident testified; and in all important particulars corroborated the testimony of Mrs. Tate. They said the truck appeared that it might turn over. They said the truck left the scene of the accident, without stopping. Mr. Ernest C. Hutchinson tried to read the license number of the truck, but he was not able to do so. The Hutchinsons were so impressed by their observation of the accident, they went to the nearest cross-over and returned to the scene of the accident; and they were there when the police arrived.
The evidence of Mrs. Tate and the Hutchinsons is not disputed. The plaintiff was in a manhole under ground near the Birch Street intersection at the time of the occurrence of the accident, and did not see it.
The defendants admit that Mrs. Tate crashed into the plaintiff’s automobile, and caused the damages complained of. But they contend that there was no negligence on her part because she was confronted with a sudden emergency and that she acted reasonably and prudently, considering all of the circumstances.
The plaintiff contends the defendants can not take advantage of the sudden emergency doctrine because Mrs. Tate’s own *191 acts of negligence created the emergency. Counsel for plaintiff points out that if Mrs. Tate had not undertaken to pass the truck, the emergency would not have arisen. Mrs. Tate was traveling in the right lane of a multiple lane street. The Louisiana Highway Regulatory Act permits a motorist in the right lane of a multiple lane highway to pass slower moving traffic in the left lane. The applicable part of LSA-R.S. 32:74 provides:
“The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions :
(3) Upon multiple-lane highways.”
Counsel for the plaintiff argues that Mrs. Tate was negligent in not slowing down or stopping, and thus avoiding the danger of colliding with the truck. The trial court in his oral reasons for judgment dictated into the record, commenting on this contention, said:
“If she could have been sure, of course, that if by slowing or if by stopping her vehicle the truck would have proceeded on and gotten from alongside of her, then she should have slowed or stopped.
“However, based on the testimony of the two witnesses who said it appeared that it might turn over, to require her to stop alongside a truck of that size that might turn over the minute she stopped alongside of it is an unreasonable burden or unreasonable demand to place on a person and is not what a reasonable person would do. In trying to put ourselves in her situation, she was in an emergency and I don’t think it was of her making, and she is to be judged by foresight as to what an average person would have done under the circumstances. I think she reacted not unreasonably.”
It may well be that it would have been wiser for Mrs. Tate to have slowed down and permitted the truck to pass her. But our courts have consistently held that one confronted with an emergency is not expected to act with the same sound judgment as he would under normal circumstances. In the recent case of Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385, the Supreme Court said:
“One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. This rule for testing the standard of care imposed by law upon actors in a tort situation has been applied by this Court in Dane v. Canal Insurance Co., 240 La. 1038, 126 So.2d 355 (1961), and Commercial Standard Insurance Co. v. Johnson, 228 La. 273, 82 So.2d 8 (1955). The principle embodied in this rule enjoys almost universal acceptance in the courts of the nation, founded as it is upon common sense and a proper recognition of prudent standards in human conduct. 65A C.J.S. Negligence § 123; 57 Am.Jur.2d, Negligence, § 90. The rule applies to the defendant’s as well as the plaintiff’s conduct; it is, therefore, appropriate in a consideration of fault as it bears upon contributory negligence.”
Counsel for plaintiff contends that Mrs. Tate was negligent in failing to see two barricades which the plaintiff had placed in her right lane for his protection while he was repairing the cable in the manhole. The evidence shows that Mrs. Tate missed the first barricade, and was forced to strike the other barricade because of the encroachment of the truck in her lane.
Taking into consideration all of the facts and circumstances disclosed by the record, we concur in the finding of the trial *192 court that the accident was not caused by the negligence of Mrs. Tate. The trial court expressed the opinion that the negligence of the truck driver caused the accident; and that neither the plaintiff nor the defendants were at fault. We concur in that opinion.
( For the foregoing reasons the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiff-appellant.
Affirmed.